Curia.

If three sixteenth parts of the schooner Greyhound are the property of Marston, Oliver and Ingalls, then they are indebted to Senter for the deficiency of the supplies they were to furnish, and he cannot, be the trustee of either of them ; but if no part of the schooner is the property of Marston, then Senter is his trustee to the amount of the supplies furnished.
And we are satisfied that Marston has no title to any part of the schooner. He, with Oliver and Ingalls, were to have three sixteenths, on furnishing that proportion of the supplies, until the vessel was fit for the sea, and then they were to have a conveyance, and not before. Three sixteenths of the supplies have not been furnished, and no conveyance has been executed. But Senter has employed the schooner on his own account, and claims all her earnings, if she has made any Senter is therefore accountable to Mars *152 ton for the amount of the supplies he furnished, and must be adjudged his trustee.
Whitman, for the plaintiff (a).
Sullivan, for the trustee.
Senter having in his answers saved to himself a right to move that the action be dismissed for the irregularity of suing out the writ, his counsel now made the motion, founded on the allegation that all the trustees live in the county of Hancock, and that the writ ought to have been made returnable in that county, and that the person summoned as trustee, who lived in this county, was in fact no trustee, but that his name was inserted by collusion for the purpose of compelling Senter and the others to answer out of their own county: and he stated that he was ready to prove his allegation by affidavit.
[ * 201 ] * The Court observed that the provisions of the statute, on which this process is founded, directing the suit to be in the county where all the trustees live, if they live in one county, were reasonable, and ought to be executed. And if a fictitious trustee was inserted by collusion to evade the statute, the writ ought to abate as sued in a wrong county. But an objection of this nature cannot be inquired into on motion. The fact ought to be pleaded m abatement of the writ, and if traversed, the jury would decide on ihe collusion charged. A man may be summoned as a trustee through mistake, which would not vitiate the writ. To abate the writ, it must appear that the plaintiff knew that the supposed trustee had no effects, and inserted him in his writ collusively for the purpose of evading the statute. The present motion must be overruled.
Let execution go against the goods, effects and credits of the defendant Marston in the hands of Senter, the trustee; and he may unquestionably retain sufficient to indemnify himself against his legal expenses in being summoned from the county of Hancock to Boston.