Sewall, J.
This plea to the plaintiff’s writ, that all the parties named in the suit were and are inhabitants of the state of Rhode Island, and not within this state, is not in form, and can- [ * 345 ] not avail, as a plea to the jurisdiction of the * Court. (1) The decisions referred to may, perhaps, be justified by the restrictions to which the process to attach in the hands of a trustee was liable under the former statute, and by the limitations of the jurisdiction of the courts of the United States ; and, so viewed, they afford no rule for the case at bar, and, as decisions upon general principles, those in the cases of Rea vs. Hayden (2) and Lawrence vs. Smith & Al. (3) are more satisfactory and better warranted.
It is not necessarily a defect of proper parties in a suit, that the plaintiff and defendant are residents in another state; and in actions upon demands of a transitory nature, the contract or cause of action may be supposed to have arisen within the jurisdiction of the Court by a legal fiction, permitted for the furtherance of justice. (4)
*343 The rule that generally, in a plea of abatement to the writ, the defendant or tenant is to give a better writ, applies in this case. If this plea would avail, there would be no writ or suit between these parties within the jurisdiction of this commonwealth. The plea is therefore insufficient. But upon the authority of Lawrence vs. Smith & Al., and upon the ground that no sufficient service is returned upon which this Court can proceed to adjudge between these parties, we shall dismiss the action.
According to the sheriff’s return, the writ was read to Daggett, who is named as the trustee of the principal debtor, Bateman; but the principal was not to be found within the sheriff’s precinct, and he has had no notice of the suit in any manner which the law prescribes ; and, therefore, unless the notice to this supposed trustee is to be considered as a sufficient service, the writ in this case has not been served upon the party against whom a judgment is demanded.
By the particular provision of the statute (5) giving this process, “ when the principal has not been an inhabitant or resident, a service made on the supposed trustee is to be deemed a sufficient service.” This, in practice, has been construed to mean, when the supposed trustee proves to be in fact a trustee, having goods or effects to answer the judgment, * which may be rendered [ * 346 ] against the principal. But there is a plain implication in a íother provision of the statute, that a person liable as trustee must be one who, at the time of the service of the writ, or within three years next preceding, has, or has had, his residence and home within this state. This is going very far, and perhaps to a dangerous extent, to sustain actions where the principal may have had no actual notice of the suit, and both the demand and the effects to answer it may be taken as proved, upon the default of persons never effectu ally summoned.
In the case at bar, the supposed trustee has been summoned, and for that purpose was found within the process of the Court. But it is obvious that the process has had efficacy thus far, either by accident, or by the good-will and consent of the person summoned as trustee; and that a resident and inhabitant of another state is not, in legal contemplation, within the process of this Court to be summoned as a trustee, any more than the goods or effects of a debtor, such as may be come at to be attached, are liable to be taken by attachment or execution, while remaining deposited within the bounds of a neighboring state.
The service of an attachment or execution, upon goods collusively removed for such a purpose, would not be enforced, against the will *344 of the party thereby summoned, or whose property had been thus brought within the process of the Court. He might justly object, to such a proceeding, the protection to which his property is entitled within the territory and under the laws of an independent state.
The proceeding in the case at bar is of the same character. The summoning of a trustee is like a process in rem. A chose in action is thereby arrested, and made to answer the debt of the principal. The person entitled by the contract or duty of the supposed trustee, is thus summoned'by the arrest of this species of effects. These are, however, to be considered for this purpose as local, and as remaining at the residence of the debtor or person intrusted for the principal; and his rights, in this respect, are not to be [ * 347 ] * considered as following the person of the debtor to any place where he may be transiently found, to be there taken at the will of a third person, within a jurisdiction where neither the original creditor nor debtor resides.
In the process of foreign attachment by the custom of London, the garnishee must be suggested to be a man within the city ; and it seems that a debt arising out of the jurisdiction is not attachable within the city. (6)
In the case at bar, the principal has not been made a party by any legal summons; and he may justly object to the transfer of his demands against Daggett, attempted to be made in this case by Daggett’s conclusive or transient removal within the process of this Court; that the credits or effects in his hands belonging to Bateman have never been legally attached; and that the summoning of Daggett was to no purpose a sufficient service of this writ. And as this defect of service appears in the proceedings, the Court dismiss the action ex officio, (a)
ADDITIONAL NOTE.
[See Holmes vs. Fox, 1 Apple. 107. — Tilton vs. Parker, 4 N. H. 142. — F H.]

 Vide Story’s Pleadings, 9

 3 Mass. Rep. 24

 5 Mass. Rep. 362.

 Coup. 177,178. — 1 Simo. 192.

 Stat. 1794, c. 65, § 1.

 1 Rol. 554, l. 25.-3 Lev. 23. — Show. 10.

 [Gardner vs. Barker & Trustees, 12 Mass. Rep. 36.—Jacob & Al. vs. Mellen & Trustees, 14 Mass. Rep. 132. — Ed.]