Wilde J.
delivered the opinion of the Court. As the plea in this case is a plea to the writ, and not to the jurisdiction of the court, the principal part of the argument of tüe plaintiff’s counsel is inapplicable. Whether a plea is a plea in abatement, or in bar, or whether it is to the writ, or to the jurisdiction of the court, must be determined by the form of the plea, particularly by the conclusion or prayer of it; and not by the subject matter of the plea. And if it be true, as the plaintiff’s counsel contends it is, that the substance of the plea is not sufficient to abate the writ, but that it ought to have been pleaded to the jurisdiction of the court, we hold it to be very clear that the plaintiff is entitled to a judgment of a respondeas ouster. But we hold it equally clear that the position taken by the plaintiff’s counsel cannot be maintained. The plea would not be good, as a plea to the jurisdiction ; such a plea should aver, not only that the property attached was not the property of the defendant; but that he had no other property within the jurisdiction of the court. It is clear, therefore, that if the plea will avail the defendant at all, it is properly pleaded. For it is not necessary to aver any fact already appearing on the record, for without oyer the court will take notice of the facts appearing on the record. It was not therefore necessary to aver that the defendant was not an inhabitant of the Commonwealth, if that fact were material. We do not however see how that fact can be material. The object of the plea is to show, by proper averments, that there had been no sufficient service of the writ. It avers that the property attached was not the property of the defendant, and if this is well pleaded, it is admitted by the demurrer. And we are of opinion that this is a material fact and well pleaded ; if the fact had appeared by the return of the officer, it is very clear that the writ might have been abated on motion. If the officer had returned that he had attached the property in question as the property of A. B., a stranger, the service would clearly be insufficient. But it is said that this cannot be pleaded ; that it is like the case of a formal attachment of a chip, in which case it is said the return cannot be traversed ; and this may be admitted, although -it is not necessary to give an opinion on this point. If the return cannot be traversed, it is because the defendant *372 is estopped to deny the truth of the return; but in this case there is no such estoppel, for the return does not show that the property was the property of the defendant. The officer returns that he attached all the right and title of the defendant to the property in question, but it is not averred that the defendant had any right and title, and a party is not to be estopped by implication. An estoppel must be certain to every intent. Therefore, if a thing is not expressly and precisely alleged, it will be no estoppel. Co. Lit. 302; Archb. Dig. 199. To estop the defendant, the officer should have returned expressly, that the property attached was the property of the defendant. The doctrine of estoppels is to be received in great strictness, and no fact is to be taken by inference.
But it has been argued, that the plea is bad because it does not give the plaintiff a better writ. This case however does not fall within this rule of law : indeed, the exceptions to the role are so numerous, that it can hardly be called a genera] rule of law. But whatever may be its application to facts, it is never necessary to give the plaintiff a better writ by averring any matter of law. Thus the court will abate the writ ex officio, or on motion, where any defect appears on the face of it, or for an insufficient service ; as for variance between the writ and the count, false Latin, repugnancy, uncertainty, and the like ; and by our practice, the defendant may plead any pf these defects without obtaining oyer of the writ. The practice as to oyer is different in England, but in no such cases is the defendant required, either in England or here, to give the plaintiff a better writ. So in England the writ will abate if there are not fifteen days between the teste and the return, but it is not necessary to aver that the law requires fifteen days to intervene ; and so is the law here, if the writ is not served fourteen days before the return day. So the defendant may plead there is no such bill as that alleged in the writ. Com. Dig. Abatement, H. 18. So if several defendants are named in the writ, one may plead that there are no such persons in existence as the others, who are named co-defendants. So the defendant may plead there is no such person as the plaintiff in rerum naturu. So in the case of Brewer v. New Gloucester, 14 Mass. R. 216, the defendant pleaded that *373 the writ was served by the sheriff, and that one of his depu- " , ties was an inhabitant of the defendant town ; but it was not held necessary to aver that the service should have been made by a coroner. So non-tenure may be pleaded in abatement, without showing who is tenant. The rule in question therefore is of limited application, and is binding only in cases where misnomer is pleaded, or the defect relied on depends on some fact presumed to be within the peculiar knowledge of the defendant. And in all cases, if the plea go to the matter and substance of the writ, it need not give a better writ. Archb. Dig. 304. It is on this ground that non-tenure as to the whole is good, without showing who is tenant, because it avoids the whole action. So in a writ of entry alleging that the tenant had no entry but by A, to whom B released, &c. the defendant may plead that B did not release to A, without saying to whom the release was made. And the same applies to a defective service which defeats the action.
The case of Lawrence v. Smith, 5 Mass. R. 362, cited by the plaintiff’s counsel, was decided on the ground of want of jurisdiction and therefore is not in point. And the case of Tingley v. Bateman & Tr., 10 Mass. R. 343, was decided on the same ground, though I own it seems to me it might have been decided on principles more favorable to the defendant. But that case is distinguishable from the present, as the service of the writ was defective on the face of the return, and the court might abate the writ or stay proceedings without plea; but in the present case, the return of the sheriff is apparently good, and would authorize the court to render judgment on default or plea to the action. The defendant therefore could not have taken advantage of the defect in the service out by plea, and a plea in abatement was a proper plea.
And this plea was well pleaded by attorney. If it had been a plea to the jurisdiction, the reasoning of the plaintiff’s counsel would have been conclusive. So, according to the English practice, misnomer cannot be pleaded by attorney; but other pleas in abatement may be so pleaded and such is the uniform practice. By appearing by an attorney of the court, the defendant admits its jurisdiction, but not that the writ is good, or the service sufficient. We are therefore of opin *374 ion that the plea in abatement is good, and that the defendant, as t^e prevailing party, is entitled to costs. The administrator has the same right to take advantage of any defect in the process as the intestate had, and thereby to defeat a recovery against the estate.
It has been argued that the administrator, coming in voluntarily, admits the jurisdiction of the court; but this case, as has been shown, does not depend on a question of jurisdiction, and therefore the argument founded on this position fails. I has been said also, that the administrator cannot come in merely to maintain the plea ; but we see no reason why he may not maintain a plea in abatement, seasonably pleaded, as well as a plea in bar. A plea in abatement may be decisive of the action ; as the plead of non-tenure; but if it is not, it may involve a question of costs of considerable amount, from which the administrator may be bound to relieve the estate of the intestate, and he has the same legal rights and duties whether he comes in voluntarily, or upon summons. He comes in as the representative of the original defendant, and has all his legal rights, and may well therefore follow up the plea by him pleaded. And that plea being good and sufficient to abate the plaintiff’s writ, it conclusively follows that the defendant, as the prevailing party, is entitled to judgment for his costs