## Case No. 11,033.

### PETERS et al. v. ROGERS et al.

[5 Mason, 555.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1830.

TRUSTEE PROCESS—CITIZEN OF ANOTHER STATE.

A person, who is a citizen of Maine, having his home and inhabitancy there, is not liable to be sued as trustee of a citizen of Maine, in the courts of Massachusetts under the trustee attachment process (Act 1794, c. 65), notwithstanding his business in the coasting trade compels him to pass about half his time in Massachusetts.

[This was an action of indebitatus assumpsit by John Peters and others against Zebediah Rogers and trustee.] The only question was, whether the trustee was, upon his disclosure, answerable.

Bartlett and Peabody, for trustee.

The marginal note in the case of Ray v. Underwood, 3 Pick. 302, is, "A person who has never been an inhabitant or resident within this commonwealth, but who only comes here occasionally in the day time, is not liable to the trustee process." And such is understood to have been the construction uniformly held by the supreme judicial court; that it is a local statute, and not applicable to foreigners, or citizens of other states. The case of Tingley v. Bateman, 10 Mass. 343, holds the same doctrine. There can be in the United States court no such difficulty as sometimes occurs in the state court, respecting the suit being brought in the wrong county; for the circuit court in Suffolk is the court for every county in the state. The objection to charging the trustee is, that the statute is local; and, by a just construction equally binding on all courts, it cannot apply to transactions and trusts originating out of the state, or to persons domiciled in another state and casually here. It is like the garnishee process in London, where a debt arising out of the jurisdiction, is not attachable within the city. 1 Rolle, Abr. 554; 3 Lev. 23; Show. 10. The same doctrine is held in Kidder v. Packard, 13 Mass. 80; and in Picquet v. Swan [Case No. 11,133], the circuit court held, that they were not inclined to give a larger operation to the statute than its words clearly import.

Kinsman, for plaintiff, argued as follows:

It will be perceived by the answer of the trustee, that the contract, by virtue of which he had possession of the vessel, was made in Boston, that the vessel was in Boston at the time the trustee was summoned, and that Pierce himself, although his family resided in Maine, transacted his most important business in Boston, and that "the course of that business led him to spend about the same period of time in both places." We think the above mentioned facts are sufficient to give the court jurisdiction, and to render the trustee chargeable. The statute providing the trustee process, was intended to remedy the inconvenience precisely, which existed in this case. It provides, "that the creditor may cause the goods, &c., of his debtor to be attached, in whose hands or possession soever they may be found," where such goods, &c., "cannot be attached by the ordinary process of law;" if the property in this case had not been pledged to Pierce, being within the jurisdiction of the court, it might certainly have been attached in the ordinary way; but being in Pierce's possession, and not liable to attachment by the ordinary process, the plaintiff ought to have his remedy by the statute providing for foreign attachment.

As to the cases cited by the other side, the opinion of the court in Ray v. Underwood, 3 Pick. 302, is given with great caution, the circumstances being all stated, as, "that the person summoned was not an inhabitant of, or resident within, any town in this commonwealth, but that he only came within it occasionally in the day time," making clearly a distinction between an inhabitant and a resident, and leaving us to infer, that a slight variation in the circumstances might have made a material difference in the result of the case. The present case is different from that, inasmuch, as, in the first place, Pierce, the trustee, was a resident in Boston for purposes of business, and it so appears by his answer. Again, it differs from the case in Pickering; in this, that the property itself, as to which Pierce is supposed to be trustee, was also here, and, in this last respect, there is, too, a wide difference between the present case, and the case of Kidder v. Packard, 13 Mass. 80, as will appear by an examination of that case. The cases cited from the English books seem to differ from the present, in the same particulars as the American cases, and the remark of the judge in the case in Picquet v. Swan [supra], alluded to, that "he is not inclined to give a larger operation to the statute than its words clearly import," will not, we apprehend, prevent the court from giving it its full operation, where the words and intention are both clear, as we think they are in the present instance.

It is further objected, that "the statute" (the statute regulating foreign attachment) "is local, and cannot apply to transactions and trusts originating out of the state, or to persons domiciled in another state and casually here." The ground stated in the first clause of the above named objection is entirely assumed, because the transaction in the case in question, did, in fact, originate in this state. According to our view of the operation of a local law, it is binding upon all persons and property within the limits and protection of the government where such law exists. The attachment law of Massachusetts, for instance, as respects other governments, is local, and yet

property belonging to citizens of other states, and passing through Massachusetts, is liable, while within her limits, to be attached by her laws. What, then, should exempt this case from the ordinary operation of the law, where both the property and the holder of it are actually in the limits of the jurisdiction of the court, and within the precinct of its officer? But, however the law might have been before the passing of the late statute (St. 1829, c. 124, approved March 12, 1830 [Laws Mass. p. 477]) respecting mortgages of personal property, to which the court is respectfully referred, we think by that statute it is now settled. By section 2 of that act, it is clear, that the vessel in this case might have been specifically attached, the plaintiff complying with certain conditions therein mentioned; and surely, if the property were so much within the jurisdiction as to enable the creditor to attach it by the 2d section of that act, it must also be so far within the jurisdiction, as to enable the creditor to pursue the other mode pointed out in the 1st section, if more convenient or more agreeable. As it respects the jurisdiction of the United States courts, it is believed to be every day's practise to sue defendants in states where they are only transient visitors, and not citizens or inhabitants; otherwise, from the very constitution of the federal courts, a plaintiff could never sue in the circuit court of his own state, unless in some cases specially provided for by law, such as those arising under patents.

STORY, Circuit Justice. In the present case, the plaintiffs are described in the writ as of Boston, and citizens of Massachusetts, and the principal defendant as of Bangor, in Maine, and a citizen of Maine, and the trustee, as "of said Boston, mariner," without any description of citizenship whatsoever. The trustee in his disclosure avers, that at the time of the service of the plaintiff's writ upon him, his family resided at Orrington, in the state of Maine, and that said Orrington was the residence of this respondent when at home; that for many years before the service of said writ and since that period, this respondent has been engaged in the coasting trade between the state of Maine and Boston, purchasing, transporting, and selling cargoes, and that the course of business led him to spend about the same period of time in each place. The answer then proceeds farther to state, that the principal defendant, Rogers, had conveyed to him five eighths of a certain schooner, the Chancellor, as security to indemnify him against a promissory note, which he had signed as surety for Rogers; that he (the trustee) was part owner of the schooner, and had employed her in the business aforesaid ever since the transfer, and from Rogers's share of the profits had in part paid the note; and that the vessel is now in Boston, and the five eighths of Rogers are worth more than the debt due on the note,

&c. The service was made upon both principal and trustee in this district.

The question under these circumstances is, whether the party can be holden as trustee under the trustee attachment act of 1794, (chapter 65). In the construction of local statutes the courts of the United States have always been in the habit of respecting and following the decisions of the local courts; and, it has been already intimated in this court, that we are not disposed to enlarge by implication, in cases not controlled by authority, the influence of such a summary remedy. Picquet v. Swan [Case No. 11,134]. It is well known, that by the provisions of this process no person can be summoned as trustee out of the county, in which he lives, if he be the sole trustee; and if he is so summoned, he is entitled to be discharged upon the matter appearing by plea, or otherwise, to the court. See Wilcox v. Mills, 4 Mass. 218; Davis v. Marston, 5 Mass. 199; Jacobs v. Mellen, 14 Mass. 132. In Tingley v. Bateman, 10 Mass. 343, it was held, that where the plaintiff and defendant and trustee all lived out of the state, the process was not maintainable, although service was made upon the trustee within the state. The court on that occasion said, "there is a plain implication in another provision of the statute, that a person, liable as trustee, must be one, who at the time of the service of the writ, or within three years next preceding, has, or has had, his residence and home within the state;" and again, "a resident and inhabitant of another state is not in legal contemplation within the process of this court, to be summoned as a trustee." In Ray v. Underwood, 3 Pick. 302, it was held, in conformity with a former decision, that a person, who has never been an inhabitant or resident within any town of the state, but only came within it occasionally in the day time to look after some of his property, he living in an adjoining town of a neighbouring state, was not liable to be summoned as a trustee. These authorities appear to me directly in point, and close the question now before this court. They are founded in good sense and convenience. Upon any other construction, if an inhabitant of another state should be sued here as trustee for personal property locally situate in the state, to which he belonged, he could be obliged, in order to discharge himself, to bring the property at his own risk into the state, that it might be taken in execution, whatever might be its bulk or character, a ship or a cargo of lumber. This would be an intolerable grievance, and has never yet been claimed as a rightful exercise of jurisdiction on the part of this commonwealth. It is clear, upon the disclosure of the trustee, that he is a citizen of Maine, and has his family and home there; and he has, in a legal sense, no residence or inhabitancy in Massachusetts. Without stopping, therefore, to consider, whether, as a citizen of Maine, he is liable to be sued in this court

as trustee by the plaintiffs, who are citizens of the same state, it is the opinion of the court, that by the local law he is entitled to be discharged, and he is accordingly discharged.