Housatonic Turnp. Co, *v.* Frink.

ISAAC B. HART *versus* JOHN ANTHONY and Trustees.

In general, a person who is not and never has been a resident within this common wealth, is not liable to the trustee process; and the fact that he came here and took an assignment of the property of an insolvent debtor residing here, in trust for the payment of the creditors, does not take the case out of the general rule.

CHARLES H. MERRITT, one of the supposed trustees, moved that he might be discharged, because at the time of the service of the writ he was a resident in Troy, in the State of New York, and he never had been a resident in Massachusetts.

It was agreed that Merritt came into this State, and with other persons took an assignment of an insolvent debtor's property, in trust for the payment of the debts due to himself and to other creditors, and that he was in this State in the execution of the trust, at the time when the writ was served upon him.

*Robinson*, for the plaintiff, said that if Merritt were not bound to answer, it would follow that he could not take an assignment of property of an insolvent debtor in this State, where there would be a surplus not required to pay the debts due to the creditors who become parties to the assignment, because such surplus would be thus placed out of the reach of other creditors.

*Sept. 11th.*

*D. N. Dewey, contrà.*

*Per Curiam.* This case cannot be distinguished from the cases of *Ray* v. *Underwood*, 3 Pick. 302, and *Tingley* v

*Sept. 12th.*

VOL. XV. 38

Hart
v.
Anthony &
Trs.

*Bateman,* 10 Mass. R. 343. The case of *Parker* v. *Dan-forth,* 16 Mass. R. 299, is not applicable, as two of the partners who were there sued as trustees were inhabitants of the commonwealth ; but it does not appear that Merritt and the other trustees named in the plaintiff's writ are partners, and as he has never been a resident within this commonwealth, he cannot be held to answer in this suit.