GEORGE CARLISLE *et ux. versus* EZRA WESTON
Junior.

The service of processes by a coroner being by virtue of a special authority, and not coming within the general duties of that officer, all the facts necessary to give him the power should appear in the writ itself; and a general direction to him is not sufficient.

But where a writ was served by a coroner, and though it did not appear affirmatively on its face that he had authority to serve it, yet it did not appear negatively that he had not such authority, it was *held*, that the defendant, by appearing and pleading to the action, had cured the defect in the service.

TRESPASS. The defendant was described in the writ as formerly a deputy of the sheriff of the county of Suffolk. The writ was served by a coroner. At the return term the defendant entered his appearance generally, and subsequently put in a plea of not guilty, and joined in a demurrer, (with a reservation of liberty to waive his plea,) by which the action was brought up from the Common Pleas to this court. He entered his appearance generally in this court, waived his plea filed in the Common Pleas, and moved that the action be dismissed for want of legal service, the same having been made by a coroner; who, at that time, as the defendant alleged, had no authority to make the service. The defendant was a deputy sheriff for the county of Suffolk, and acted as such at the time when the supposed trespass was committed.

*Brigham*, for the defendant. The coroner had no authority to serve the writ, the sheriff not being a party, nor interested in the case; St. 1783, c. 43, § 1 ; *Merchants Bank* v. *Cook*, 4 Pick. 410 ; Revised Stat. c. 14, § 97 ; and the service being a nullity, the Court has no jurisdiction. *Wood* v. *Ross*, 11 Mass. R. 271 ; *Hart* v. *Huckins*, 6 Mass. R. 399.

The general appearance did not cure the defect. A mere nullity cannot be cured ; an irregularity may be. 3 Chit. Gen. Pract. 523, 524 ; *Taylor* v. *Phillips*, 3 East, 155 ; *Roberts* v. *Monkhouse*, 8 East, 547 ; *Case* v. *Humphrey*, 6 Connect. R. 139 ; *Bunn* v. *Thomas*, 2 Johns. R. 190 ; *Bailey* v. *Smith*, 3 Fairfield, 196.

*B. Sumner*, for the plaintiff. The general appearance, and *à fortiori* the pleading to the merits, is a waiver of the alleged

*March 14th*

Carlisle
*v.*
Weston.

insufficiency of the service. *Ripley* v. *Warren*, 2 Pick. 592
*Eaton* v. *Whitaker*, 6 Pick. 468 ; *Moody* v. *Blake*, 6 Mass
R. 459. Although the defendant may have ceased to be a
deputy, the sheriff may nevertheless be responsible for his act
complained of as a trespass ; *Grinnell* v. *Phillips*, 1 Mass. R.
530 ; *Knowlton* v. *Bartlett*, 1 Pick. 274 ; and unless it ap-
pears clearly on the face of the writ, that the sheriff was not
interested, the Court will not dismiss the action on motion.

*March 18th.*     MORTON J. delivered the opinion of the Court. Formerly
a coroner was authorized to serve process when the sheriff or
his deputy was a *party*. St. 1783, *c.* 43, § 1 ; *Merchants
Bank* v. *Cook*, 4 Pick. 410. But by the Revised Statutes,
*c.* 14, § 97, this power was modified, and, in some respects,
extended ; so that a coroner may now serve any writ in which
the sheriff is *interested*.

The service of process by a coroner, being a special author-
ity, and not coming within the general duties of that officer, all
the facts necessary to give him the power should be made to
appear in the writ itself ; and a general direction to him is not
sufficient. *Case* v. *Humphrey*, 6 Connect R. 139. This
omission too is a defect, of which, as it appears on the record,
the Court will *ex officio* take notice, or of which the defendant
may take advantage on motion or in error. *Wood* v. *Ross*, 11
Mass. R. 273 ; *Bunn* v. *Thomas*, 2 Johns. R 190 ; *Law-
rence* v. *Smith*, 5 Mass., R. 362 ; *Tingley* v. *Bateman & Tr.*
10 Mass. R. 344 ; *Taylor* v. *Phillips*, 3 East, 155 ; *Roberts*
v. *Monkhouse*, 8 East, 547.

The only question in the present case is, whether the de-
fendant, by his appearance and pleading to the action, has
cured the defect in the service. The general rule upon this
subject is, that irregularities and defects may be waived, but
mere nullities cannot be cured, or restored to life, inasmuch as
they never possessed any legal vitality. Jurisdiction cannot be
given by consent of parties. 3 Chitty's Gen. Pract. 524.

The cause of action and the parties, were clearly within the
jurisdiction of the Court. The service of the writ was made
by the officer to whom it was directed, and who, in certain
cases, was authorized to serve such precepts. And although
it does not appear *affirmatively*, that the sheriff was interested

in the suit, so it does not appear *negatively* that he was not interested. The defendant, by appearing and pleading to the action, admits the jurisdiction, that is, in this case, admits the fact which is necessary to make the service valid.

It is an elementary rule of pleading, that a plea to the jurisdiction is the first in the order of pleading ; and that any plea which refers to the court any other question, is a tacit admission that the court has a right to judge in the cause, and is a waiver of all exception to the jurisdiction. Gould's Pl. 231 ; 1 Chitty's Pl. 478. Wherever it appears upon the record, that the court has no jurisdiction, nothing which the parties may do or omit to do will give it ; but where the want of jurisdiction must be shown by proof *aliunde,* or where the particular facts giving the jurisdiction may exist consistently with the record, a plea to the action is a waiver of any exception to the jurisdiction.

In the case of *Gage* v. *Gannet,* 10 Mass. R. 176, which was an action by a county treasurer against the clerk of the courts on an official bond, the court say, " It does not appear on the face of the record, that the county is directly interested. But the defendants have waived this exception, by appearing and pleading to the action in the Common Pleas."

The case of *Ripley* v. *Warren,* 2 Pick. 592, is a much stronger case than the present. There the writ bore teste of one of the associate justices of the Common Pleas, contrary to a provision of the constitution ; and yet the Court say, " We think we are well warranted in holding that the writ in this case, though originally defective, has been made good by the defendant himself, who has submitted to it without questioning its validity, through all but the last stage of the process."

The irregularity in the service of this writ could do the defendant no possible injury. He was seasonably notified of the commencement of the action, appeared on the return day of the writ, made such motions and filed such pleas as he thought best adapted to protect his legal rights, and now has open to him every ground of defence, and may avail himself of every legal exception which he could have done, had the writ al-

Carlisle
*v.*
Weston.

leged that the sheriff was interested, or had it been d rected to and served by the sheriff himself.

On the whole, we are well satisfied, that this was an irregularity which the defendant might waive, and that by appearing and pleading to the action, he has cured the defect in the service.

*Motion overruled.*