JAMES B. DANFORTH *vs.* THOMAS PENNY & Trustees.

A foreign corporation, that has no goods, effects or credits, within this Commonwealth, cannot be charged by the trustee process, although many of the members and officers of such corporation reside here, and its books and records are kept here.

DEWEY, J.   The East Florida Rail Road Company, the supposed trustees, by an answer made by their treasurer, Charles Henshaw, upon whom the service of this process was made, disclose that they are a corporation, established by the territorial government of Florida ; that they have no funds of their own in the hands and possession of said Henshaw, nor any specific articles of property in their possession, which belong to said Penny, the principal defendant ; but that, at the time when this process was served, there was due from said corporation to said Penny, as appears by the books of the corporation, the sum named in their answer.

The trustees are supposed to be chargeable in this suit, under the provision of the Rev. Sts. *c.* 109, § 6, that "all corporations may be summoned as trustees, and they may appear and answer by their cashier, treasurer, secretary, or such other officer as they shall appoint," &c.   The question here arising is, how far

this provision is applicable to foreign corporations. Until the enactment of *St.* 1832, *c.* 164, corporations were not subject to the trustee process. The object of that statute seems to have been, to place them upon the same footing, in this respect, as individuals. The same object is provided for in the revised statutes, as above cited.

It may be proper, therefore, to examine how far individuals are liable to be summoned as trustees, and how far our judicial decisions restrict this liability to cases of actual residents within the Commonwealth.

In *Tingley* v. *Bateman*, 10 Mass. 343, the plaintiff, the principal defendant, and the person summoned as trustee, were all inhabitants of another State, and the trustee happening to be within the Commonwealth, for some temporary purpose, the service was made upon him. The process was not sustained in that case ; it being held, that a resident and inhabitant of another State is not, in legal contemplation, so far within the process of the court, as to be liable to be summoned as a trustee.

In *Ray* v. *Underwood*, 3 Pick. 302, the trustee was not an inhabitant of this Commonwealth, but was here only occasionally ; and it was held, that such person was not liable to this process. This rule was again applied in the case of *Hart* v. *Anthony*, 15 Pick. 445, where this court refused to charge one as trustee in the process of foreign attachment, who was not a resident within the Commonwealth at the time of the service of process upon him, although he came into the Commonwealth, and here took an assignment of property *from* an insolvent debtor, under a common law assignment, and was in the Commonwealth, engaged in the execution of the trust under said assignment, at the time when the process was served upon him.

After these decisions, the question has, as I suppose, been considered at rest, as to individuals not resident within the Commonwealth.

Are foreign corporations upon any different footing, in this respect, from that of individuals ? Upon the principles of the common law, we allow foreign corporations to institute suits in our courts, as plaintiffs ; and by virtue of *St.* 1839, *c.* 158, it is

Danforth *v.* Penny & Trustees.

enacted that " any corporation, incorporated by any other State, and having property within this State, shall be liable to be sued, and the property of the same shall be subject to attachment, in like manner as individuals, residents of other States and having property in this State are liable to be sued and their property subject to be attached ; and the service of the writ in such case shall be made in the manner provided in the 90th and 92d chapters of the revised statutes."

It will be seen that the above statute, which was enacted in aid of creditors, extends only to cases of foreign corporations having, at the time, property in the Commonwealth liable to be attached ; giving our courts jurisdiction of such corporations, as defendants, only in cases where they have property within the Commonwealth. This statute, it will be observed, subjects foreign corporations to the same liabilities, as defendants, which attach to individuals, and nothing more than this ; and there seems to be no good reason for extending their liabilities, in cases of the trustee process, beyond that which exists in cases of individuals residing in another State. Applying this principle to the facts of the present case, it would seem very clearly to follow that, as a general rule, foreign corporations are not liable to the trustee process.

But the plaintiff insists that there are, in the present case, facts already disclosed in the answer, or which will be disclosed upon the proposed further examination of the trustee, that will bring this case properly within the jurisdiction of the courts of this Commonwealth ; and we have, upon his motion to be allowed an opportunity for further examination of the trustee, considered what would be the effect of the additional facts which it is proposed to put into the case.

The additional facts relied upon are, 1st : That a large number of the members of the East Florida Rail Road Company reside in Massachusetts ; 2d : That the president, treasurer, and sundry other officers reside in Massachusetts, and are members of the corporation ; and 3d : That the books and records of the company are kept here. Do these facts vary the case, and take it out of the general rule ? It seems to us very clear that

the circumstance of the residence here of individual members of this corporation can give no locality to the corporation within this Commonwealth.    The individual members, as such, have no authority or capacity to act in the corporate name, or to represent the corporate interests ; and if their residence in any State were allowed to have the effect to make the corporation a domestic one, our corporations, instead of being local, and limited, for most purposes, to the territorial limits of the States incorporating them, would have a corporate existence, render ing them liable to civil process, in as many different States as its various members might happen to reside in.

Nor do we think the fact that individuals, who hold offices in such corporation, reside here, or that the books and records are kept here, can give the corporation so far the character of a domestic corporation, as to subject it to suits here in which the corporation is summoned as trustee.    We think that the jurisdiction of our courts, in suits against them, can only attach when they have property within the Commonwealth, liable to attachment.    This seems to be in accordance with the statute provision, and places them upon the same footing with individuals.

It is therefore the opinion of the court, that upon the facts stated in the answer and the additional facts proposed to be shown, the supposed trustees would not be within our jurisdiction, and are not properly chargeable in the present action.

*Trustees discharged*

*B. Rand,* for the plaintiff.
*Betton,* for the trustees.