DANIEL W. CROSBY *vs.* THOMAS H. HARRISON & others.

Worcester.    October 3. — 5, 1874.    COLT & MORTON, JJ., absent.

A motion to dismiss cannot be sustained which is not founded on matter of law apparent on the record.

If a judge has authority to entertain a suggestion of a fraudulent abuse of the powers of the court, upon a summary motion, without putting the party making the suggestion to plead and try it in regular form, it is within his discretion to decline to do so, and his action cannot be revised by this court.

CONTRACT against residents of another state, commenced by trustee process in which Christopher Haskell was summoned as trustee. The writ was returnable at August term 1870 of the Superior Court. The return of the officer stated that he had attached certain goods as the property of the defendants, and that

he had made no further service upon them, as they were not within his precinct and had not any last and usual place of abode within the Commonwealth. At December term, 1871, the defendants appeared specially and offered to prove the facts set forth in the following paper filed in the case, entitled "Defendants' motion to dismiss":

"And now come the defendants and move that said action be dismissed, because they say that said court has not jurisdiction of said cause or of said defendants, for the reason that they nor either of them were or ever have been residents of this Commonwealth, and that they nor either of them had at the time of the service of said writ or have ever had any attorney, agent or tenant within said Commonwealth, and that no service of said writ hath ever been made upon them or either of them, or upon any agent, attorney or tenant of them the said defendants; and for the further reason that no effectual attachment hath ever been made upon their goods, estate, effects or credits in their own hands and possession, or in the hands and possession of any trustee of them within said Commonwealth, so as to give the court jurisdiction of said cause or to authorize said court to issue any order of notice to said defendants requiring them to appear before said court to answer to said action.

"And said defendants aver that Christopher Haskell, the trustee named in said writ, and Daniel W. Crosby, the plaintiff named in said writ, fraudulently conspired together to induce the said defendants to send merchandise, the property of said defendants, into this Commonwealth, so that the said plaintiff might cause the same to be attached in this suit then by said plaintiff intended to be brought, and also to intrust the same to said Haskell, so that said Haskell might be in said suit summoned as their trustee; and in the execution and carrying out of said conspiracy and fraud upon the said defendants the said Haskell pretended and represented to the defendants, then doing business in the city of New York, that he, said Haskell, wanted to buy certain goods of the defendants, to wit, similar goods to those described in the officer's return upon the writ in said action, and that he would pay for the same upon receipt thereof, and the defendants relying upon such representations, shipped to said Haskell the goods and merchandise aforesaid from New York aforesaid to Webster, in said

county of Worcester, on or about June 14, 1870, and forwarded to said Haskell a bill of lading thereof by mail, and thereupon, to wit, on or about said June 14, drew their draft on said Haskell for the amount of said bill of merchandise, payable to the order of themselves, which said draft they indorsed and delivered to the cashier of the Oxford National Bank, and which said draft was held by said cashier at the time of the service of the plaintiff's writ on said Haskell, and which said draft the said Haskell, upon the presentation thereof, refused to accept. And said defendants aver that said representation and pretence on the part of said Haskell that he desired to buy said merchandise was fraudulent, and made for the purpose of inducing said defendants to send said merchandise into this Commonwealth, so that the same might be attached upon this suit, and so that said Haskell might be summoned as the trustee of said defendants; all which these defendants are ready to verify. Wherefore said defendants pray that they may be held to answer to said suit no further, but that they may be dismissed from hence with their reasonable costs, by them so unjustly sustained."

The plaintiff objected to the motion and the admission of the evidence offered, on the ground that the matters and things set forth in the motion could not be taken advantage of in that form, but only by answer or plea in abatement. *Bacon*, J., so ruled. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*F. A. Gaskill*, for the defendants. The facts set out in the paper entitled " Defendants' motion to dismiss " are universally regarded as constituting a fraud upon the process of the court and causing the proceedings to be utterly void, and upon motion courts will set aside the proceedings in a summary manner. Thus, upon affidavit of the party to the facts, with reference to an arrest, the defendant was discharged. *Stein* v. *Valkenhuysen*, El., Bl. & El. 65. See also *Pomroy* v. *Parmlee*, 9 Iowa, 140. Although the title of the motion in this case may not be properly applicable to the facts set out, and though that part of the prayer contained in the last line of the motion, to wit : " but that they may be dismissed from hence," may not be properly used in that connection, yet the prayer is properly stated in so far as " said defendants pray that they may be held to said suit no further,'

and what follows may be rejected as surplusage.   The motion is not a motion to dismiss on the ground of any defect apparent on the face of the proceedings, but is a motion on the ground of the offer of proof of certain facts, which are clearly and properly set out.   When the conscience of the court is informed of the fraudulent use of its process by the averment of facts, the court will take notice of it, and if the facts are denied an issue may be ordered, or the court may pass upon the evidence as in the above cited instances.   The court below treated the plea as a motion to dismiss, but not for defect of form in process, and the ruling is open to exception.   Gen. Sts. *c.* 115, § 7.

*W. S. B. Hopkins*, for the plaintiff, was not called upon.

GRAY, C. J.   The motion of the defendants cannot be sustained as a motion to dismiss, because it is not founded on matter of law apparent on the record.   It is not entitled, and was not treated by either party in the court below, as a plea or answer in abatement, as is conclusively shown by the defendants' offer of evidence having been made to the court, whereas any extrinsic fact pleaded in abatement would be triable by a jury.   If the court had authority to entertain the suggestion of a fraudulent abuse of process upon a summary motion, without putting the defendants to plead and try it in regular form, it was certainly within its discretion to decline to do so.   *Davis* v. *Marston*, 5 Mass. 199.   *Morton* v. *Sweetser*, 12 Allen, 134.                              *Exceptions overruled.*