CHARLES F. FITCH

*v.*

ELIZABETH M. T. BROWER et al.

A, residing in New Jersey, bought a printing-press of B, residing in New York, and gave his note therefor, payable in three months, at a bank in New Jersey. C, living in Pennsylvania, and claiming to be a creditor of B, attached this note by serving the writ on A, while he was temporarily in Pennsylvania. B was notified of the attachment by A, and *thereafter* transferred the note to D, before maturity, who now holds it, and has brought suit thereon in New Jersey against A.—*Held*, that A was entitled to a bill of interpleader, and could not be compelled to litigate, in the attachment suit in Pennsylvania, the disputed question whether or not D was a *bona fide* holder of said note, because she took it with knowledge of the prior attachment.

On motion to dissolve injunction and dismiss bill.

*Mr. W. Y. Johnson,* for the motion.

*Mr. C. F. Fitch, contra.*

BIRD, V. C.

This bill is an interpleader. The question is: At the time of filing the bill were there such claims upon the complainant, as a stakeholder, as justified him in coming into this court for aid?

The complainant resides in New Jersey; the defendant Brower in New York, and the defendant the Express Publishing Company in Pennsylvania. The complainant purchased a printing-press of the Campbell Printing Press and Manufacturing Company, of New York, and gave his note therefor, dated October 9th, 1882, payable in three months, for $1,050.10, at the Phillipsburg National Bank.

On October 19th, 1882, the said The Express Publishing Company issued an attachment out of the court in Pennsylvania, against the said Campbell Printing Press Company, and had it

served on the complainant, who happened, at the time, to be within the jurisdiction of that court.

By virtue of this attachment the plaintiffs therein claim to have seized upon and attached, under the law, all the right, title and interest of the said The Campbell Printing Press Company in or to the said note, it being served in due form upon this complainant. This suit in attachment is still pending and undetermined. The defendant therein, the Campbell Printing Press Company, refuses to make any defence to said action in attachment.

But the same note was transferred to Brower, and, as far as it appears, for a valuable consideration, and before maturity. This fact was communicated to the complainant, January 10th, 1883, after which he was informed that the said note was transferred on December 9th, 1882, about six weeks after the attachment had been issued and served.

The complainant offered to pay Brower the amount due upon the note, provided she would indemnify him against the attachment, but on this proposition they did not finally agree.

The bill alleges that complainant immediately informed the said Campbell Printing Press Company of the service of said writ of attachment.

The complainant says he is desirous of paying the amount due on the note to the person entitled to receive it. But he says that while the defendant Brower claims the amount due on said note by virtue of the transfer before its maturity, that the said The Express Publishing Company also claims it by virtue of said attachment, and *insists* that, although she (Brower) took the note before maturity, she is not a *bona fide* holder.

Brower has commenced suit in New Jersey against Fitch, the complainant, for the recovery of the amount due on the note.

These are the complications which lead to the filing of this bill. Do they make a case? The parties defendant have answered. After the answers were in, it was agreed between counsel that a motion should be made, as on demurrer, to dismiss the bill for want of equity. Counsel were heard. I thought then that this case came so nearly within *Briant* v. *Reed, 1*

*McCart. 271,* that I ought to follow it. I thought a cautious man would not feel safe in paying either claimant.

But counsel for Brower came in and urged a rehearing. It was thought the court had misunderstood the force of the argument on one important point, viz., that the note which represented the rights or interests which were attached was *payable at Phillipsburg, New Jersey,* and not in Pennsylvania, where the attachment issued, and that these things being so, the attachment did not and could not bind Fitch in any sense, and that he was not and could not, by any legal procedure, be placed under any obligations to the plaintiff in attachment.

Then it appears that, on the first discussion, two points were urged; the one above stated, which it is thought the court did not fully comprehend, and also that a note duly transferred to a *bona fide* holder before maturity is not the subject of an attachment. The latter proposition is not disputed, so far as I am aware. It seems to be very reasonable, and in strict accord with the law governing commercial paper. But I thought it did not devolve on the complainant to show that Brower was such *bona fide* holder for value. I thought the law did not impose such a burden on him. I thought that he might justly ask this court to help him in this regard, and that this court would be justified in compelling both claimants to stay their hands as against Fitch, until they should settle that question, as to the *bona fides* of the transfer, between themselves.

And I thought then that there was difficulty enough on the other point to warrant me in retaining the bill. And I still think the bill should stand. My mind does not rest so contentedly on this branch of the case as on the other; but I have been and am impressed with the view that these attachment proceedings, having been served on the defendant, create such a *claim* as also to bring the case within the learned opinion in *Briant* v. *Reed.* It is not what I might, or what any other judge might decide, under the facts as given, as to the very right of the parties in the law, *but whether there is such a claim made* as ought to impel this court to say to the parties claiming, " You must settle this between yourselves." I might believe that the law is

with Brower, and that it would be safe for me to dismiss this bill and thereby send the complainant to contest the demand of the plaintiff in the attachment in another state ; but, then, since this point has not been decided in either New Jersey or in Pennsylvania, I might possibly be in error, which again, as I think, brings the case within *Briant* v. *Reed.*

The counsel of Brower says that Fitch gave his note, which Brower holds, and that the note is made payable at Phillipsburg, a place outside of the jurisdiction in which the attachment issued, and that it is necessarily beyond the power of the court in a foreign jurisdiction to change the terms of the contract, and to compel Fitch to pay anywhere else than at Phillipsburg. The attachment proceedings, it is urged, are a nullity as to the amount due upon the note, and so absolutely so as to dissipate the thought that the plaintiff therein makes any claim whatever against Fitch worthy of the attention of this court. In *Tingley* v. *Bateman, 10 Mass. 343,* in *Nye* v. *Liscombe, 21 Pick. 263,* and in other cases in Massachusetts, and New Hampshire, and Vermont, under their statutes, the question raised has been decided in accordance with the view of Brower's counsel.

But it has not been settled, as I understand the law, in Pennsylvania, in such a way as to leave no room for doubt. I admit the reasonableness of the rule. I think it ought to be adopted in general terms. I think the views expressed as to commercial paper in *Drake on Attachments* (see *ch. 28* § *573 &c.*) are just, but the labors of that learned editor most conclusively show how wide is the field of discussion generally, and how divergent are the views of the different courts in the union as to the attachability of commercial paper.

And as to the exact point now pending (the attachability of a note payable, in its very terms, outside of the jurisdiction issuing the writ), the views of the same author are reasonably convincing (see *ch. 19* § *47 &c.*), but, as intimated above, that very important question is not, even in Pennsylvania, beyond the domain of legal controversy. I am not sure that this complainant could resist the attachment in Pennsylvania, on the ground that it was payable in New Jersey by its very terms, notwithstanding, I

say, I think it ought so to be. The bill shows that the note was still in the hands of the defendant in attachment at the time the writ issued. It also shows that the said defendant knew of the existence of the attachment, and of its service on this complainant. There are cases which declare that, after such knowledge, the defendant could not assign or transfer the note without fraud. But the bill also declares that the assignee took the note with knowledge.

Now, then, under these complications of facts and allegations (which allegations, on this motion, I must take as facts), and the uncertain or contrary declarations of the courts of Pennsylvania on the subject of such attachments, ought this court of equity, in New Jersey, to compel one of its citizens to take his chances before a foreign tribunal, and thereby settle these conflicting claims?

In the first place, in *Ludlow* v. *Bingham, 4 Dall. 47,* the court said commercial paper could not be attached before it became due. But in *Kieffer* v. *Ehler, 18 Pa. St. 388,* it was determined that such note could be attached in the hands of the maker before maturity, subject to the rights of a *bona fide* holder before such maturity. In *Childs* v. *Digby, 24 Pa. St. 23, 27,* the court says that any one having the possession of goods or effects may surrender them in obedience to a judgment in a foreign attachment, although he may happen to be in a foreign jurisdiction at the time the writ issued. But this case is criticised in the same court (*Pennsylvania R. R. Co.* v. *Pennock, 51 Pa. St. 244, 253*), and, I should suppose, would not be followed in that state. But, in the last case referred to, the thing sought to be attached was a chattel, and not a mere credit, as in the case in hand. And the court said that if the thing attached were the proceeds of the goods (a credit), instead of the goods, a different question would be presented. *Noble* v. *Thompson Oil Co., 79 Pa. St. 354,* is very much relied on, but in that case the discussion was more particularly on the precedence to be given to an assignment in Pennsylvania, or to an attachment in New York. Certain general principles are recognized in the case, as they are everywhere. The case does not decide that Fitch would not, in any event, be bound as garnishee, since the obligation which he was

under to the defendant in attachment was to be discharged in New Jersey by its very terms.

It still seems to me that this is a fair case for an interpleader bill; that there is such reasonable doubt arising from this claim as to justify the court in requiring the defendants to settle it, and not to put the complainant to the risk and cost. It is not the mere assertion of the right, without more, but it is a claim through the process of a court which has jurisdiction, by statute, in such cases, generally; and I think the defendants in this suit should proceed to determine whether, in this case, such court has acquired jurisdiction of the thing sought to be attached or not, so as to compel Fitch to pay as garnishee or otherwise. In other words, there is the same sort of claim as controlled Chancellor Green in *Briant* v. *Reed, supra.*