MARY BROTKIN vs. LOUIS FEINBERG.

Bristol.     October 23, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Executor and Administrator. Limitations, Statute of. Jurisdiction. Death. Survival of Action. Pleading, Civil, Construction, Plea in abatement, Motion to dismiss. Evidence, Admitted without objection.*

By reason of the provisions of G. L. c. 228, §§ 4, 5, a court of this Commonwealth has no power to cite in the executor of a will or the administrator of an estate to defend an action against the decedent as the sole defendant when one year has elapsed after the time he had given his bond and due notice of his appointment has been given as required by law.

The mere fact, that the death of a defendant in an action against a single defendant was not suggested on the record for nearly two and one half years after an administrator of his estate had been appointed, had filed a bond and had given the notice required by law, did not stop the running of the short statute of limitations provided in G. L. c. 228, § 5.

A motion, by the administrator of the estate of a defendant in an action against a single defendant, to dismiss the action under G. L. c. 228, § 5, because no citation was issued to cite in the administrator within one year after his appointment, qualification and giving of notice, is not a proper pleading because not based on matter appearing on the record; such contention should be put forward by a plea in abatement.

The administrator of the estate of the only defendant in an action of tort filed a motion, entitled a "Motion to Dismiss," setting forth noncompliance by the plaintiff with the requirements of G. L. c. 228, § 4, within the time specified in § 5, as the reason for dismissal. The motion was heard with a motion by the plaintiff to cite in the administrator to defend, and evidence establishing every fact necessary to show that the short statute of limitations had run was admitted without exception by the plaintiff or limitation by the judge. The judge granted the "Motion to Dismiss" and denied the motion for a citation. Upon exceptions by the plaintiff, it was *held*, that

(1) The evidence must be regarded as in the case on every issue, even if incompetent on a motion to dismiss because showing facts outside the record;

(2) The general finding against the plaintiff and in favor of the defendant included the finding of all subsidiary facts essential to that conclusion;

(3) The motion entitled "Motion to Dismiss" was in substance a plea in abatement and should be so treated;

(4) The exceptions were overruled.

The nature of a pleading must be determined by its substance and not by the name given it or the description applied to it.

TORT for personal injuries. Writ dated September 6, 1924.

Proceedings in the Superior Court before *Walsh,* J., and *Macleod,* J., are described in the opinion. To the denial of motions that the administratrix of the estate of the defendant be cited in to defend, and the allowance of a motion by the administratrix that the action be dismissed, the plaintiff alleged exceptions.

*M. Entin,* for the plaintiff.

*W. I. Badger,* for the administratrix of the estate of the defendant.

CARROLL, J. This action of tort is for injuries sustained by the plaintiff because of the defendant's negligence. While the action was pending, the defendant died. Jennie Feinberg was appointed administratrix of his estate and filed a bond on June 5, 1925. On November 29, 1927, a statement was filed suggesting the death of Louis Feinberg, the defendant, on May 17, 1925; thereupon the administratrix filed a special appearance and a motion to dismiss. This motion was, in effect, that Jennie Feinberg is the duly appointed administratrix of the estate of Louis Feinberg; that she appeared specially for the purpose of pleading to the jurisdiction of the court; that Louis died on May 17, 1925; that she was duly appointed administratrix of his estate and duly qualified by giving bond; that she gave notice of her appointment as required by law and as ordered by the Probate Court, "all of which appears by the records of the said Probate Court"; that no citation had been taken out by the plaintiff requiring the administratrix to appear and defend the action; that the time within which such citation may be taken out has expired under G. L. c. 228; and prays that the action be dismissed.

Under G. L. c. 228, § 4, "In a personal action the cause of which survives," if there is only one plaintiff or one

defendant and he dies after the action is begun, the action may proceed and be prosecuted by or against his executor or administrator; the "death shall be suggested on the record"; if the executor or administrator does not voluntarily appear, the surviving party may take out a citation requiring the appearance of the executor or administrator. Section 5 of this chapter directs that the citation "shall not issue after the expiration of one year from the time such executor or administrator has given bond, if he has given the notice of his appointment as required by law." This section clearly provides that the court has no power to cite in an administrator to defend an action when one year has elapsed after the time he had given his bond, if due notice of his appointment has been given as required by law.

The record shows that the death of Louis Feinberg on May 17, 1925, was suggested; that the administratrix appeared specially for the purpose of filing a motion to dismiss; and the bill of exceptions recites that she filed her bond as such administratrix on June 5, 1925. But the record does not show that she gave notice of her appointment as required by law. This does appear, however, in the motion to dismiss. If in addition to giving the bond the administratrix had given notice of her appointment, she could not be cited in to defend the action; the short statute of limitations prohibited this and the court had no power to require her to take up the defence of the action. The fact that the death of the defendant was to be suggested on the record did not require the administratrix to make this suggestion within one year after she had given bond. It must appear on the record, but the failure to make this suggestion does not stop the running of the statute of limitations, and after one year, as the bond was filed and if notice was given as required by law, the plaintiff could not summon the administratrix to defend.

The case is before us on the plaintiff's exceptions to the allowance of the motion to dismiss and to the denial of the motion of the plaintiff to summon the administratrix. The bill of exceptions shows that the plaintiff filed a motion to cite in the administratrix on December 14, 1927; that the

motion was heard together with the administratrix's motion to dismiss; that at the hearing the administratrix introduced in evidence a certified copy of the record of the Probate Court, showing that an affidavit had been filed by the administratrix that she had given notice of her appointment within the time required by law.

The plaintiff contends that the motion to dismiss was not proper. A motion to dismiss must be based on matter appearing on the record. As a question of technical pleading the motion to dismiss was not correct, because it did not appear on the record that notice of the appointment of the administratrix was given. This fact was set forth at the hearing when the record of the Probate Court was introduced showing that the affidavit of notice was filed in the Probate Court. See *Pitman* v. *Tremont Nail Co.* 2 Allen, 531, 532; *Crosby* v. *Harrison*, 116 Mass. 114.

It appeared that there was a hearing on the motion to dismiss and upon the motion to cite in the administratrix. According to the bill of exceptions, "At the hearing upon these motions the administratrix introduced in evidence a certified copy of the record of the Probate Court, showing that an affidavit had been filed by said administratrix that she had given notice of her appointment within the time required by law and the order of the court. This was the only evidence introduced." It appears to have been introduced without exception and without limitation as to one motion. It must therefore be regarded as in the case on every issue, even if incompetent. *Hubbard* v. *Allyn*, 200 Mass. 166, 171. This evidence warranted the judge in finding every fact necessary to show that the short statute of limitations had run, including the fact that notice was given as required by law. G. L. c. 195, § 2. The general finding against the plaintiff and in favor of the defendant included the finding of all subsidiary facts essential to that conclusion. *Adams* v. *Dick*, 226 Mass. 46, 52. See *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143.

The pleading filed by the administratrix though entitled "Motion to Dismiss" was in substance a plea in abatement. If it had been so designated, there would be no question that

it was in fact a plea in abatement.    The nature of a pleading must be determined on the substance of the thing done and not on the name given it or the description applied to it. *Frati* v. *Jannini,* 226 Mass. 430, 432.

As there was sufficient evidence that the short statute of limitations had run and the administratrix could not be summoned in, the case should be concluded.    By G. L. c. 231, § 132, it is provided: "No new trial shall be granted in any ,civil action . . . for any error as to any matter of pleading or procedure, if . . . the Supreme Judicial Court when application is made by exceptions . . . deems that the error complained of has not injuriously affected the substantial rights of the parties."    In *Corey* v. *Tuttle,* 249 Mass. 135, 137, 138, that section was interpreted, as applicable to a pleading called "Motion to Require Plaintiff to Elect," an improper motion unknown to equity practice but susceptible of being interpreted after hearing as having been treated as a plea in abatement.    In *Rothstein* v. *Commissioner of Banks,* 258 Mass. 196, a "Motion to Dismiss" was found in substance to be a demurrer and treated accordingly.    See G. L. c. 231, § 124; see also *Beal* v. *Lynch,* 242 Mass. 65.    In our opinion the pleading called "Motion to Dismiss" should be treated as a plea in abatement.    There is nothing inconsistent with the conclusion here reached in *Crosby* v. *Harrison, supra,* or *Finance Corp. of New England* v. *Parker,* 251 Mass. 372. The whole question in issue between the parties is disclosed and may be determined on this record.    G. L. c. 231, § 132. G. L. c. 231, § 124.    See *Sullivan* v. *Roche,* 257 Mass. 166, 170, 171.    The case is governed by *E. S. Parks Shellac Co.* v. *Harris, ante,* 108.

*Exceptions overruled.*