Jackson, J.
Two questions have been argued in this case , first, whether there has been such a service of the original writ as will hold the defendant to answer to the suit ; and, secondly, if not, whether the defect sufficiently appears by the pleadings and the other parts of this record.
As to the first, the defendant is not an inhabitant of this State, and there has been no actual service on him. The writ was served on Benjamin Whitman, Esq., as his agent; but such service is not sufficient in this case, unless some estate or effects of the defendant were attached. When an absent debtor has property here, it may be attached to answer his debt; and a judgment against him will be effectual here, so far as to bind the property within our jurisdiction ; although, probably, no foreign tribunal would enforce such judgment against the defendant, if he had no notice of the suit, and no opportunity to defend against it. Our laws contain sundry pro- [ * 38 ] visions to guard, as far as possible, the rights of the * absent debtor ; and, among others, it is required, that a summons should, in such case, be left with the tenant, agent, or attorney of the defendant; on the presumption, that, if he has any estate or effects here, they will be in the hands or under the care of some such agent, who is entitled to notice before they shall be taken out of his possession, and who may defend the rights of his principal, or give him notice of the suit, so that he may defend himself. The service on a supposed agent, therefore, in a case like the present, is only to be made when goods or estate of the absent defendant are attached. It is otherwise wholly ineffectual.
It appears from the sheriff’s return upon this writ, that no goods or estate of the defendant were attached, unless it were in the hands of the supposed trustees, or some one of them. The defendant has pleaded in abatement, that he had no goods, effects, or credits m their hands ; and this fact, if it is well pleaded, is confessed by the *41 demurrer. The remaining question, therefore, is, whether this matter is well pleaded, so that the Court can see upon the whole record that there has been no sufficient service upon the defendant.
By the statute of 1798, c. 5, it is enacted, that, when all the trustees are discharged, or the plaintiff discontinues against them, or whenever it shall appear from the record that there is not any trustee, the plaintiff shall not proceed against the principal; unless there shall have been such a service upon him as would authorize the Court to proceed in an action commenced in the common and ordinary mode of process ; provided, however, that the defendant may, in such case, if he think proper, appear and take on himself the defence of the suit.
It is contended, on the part of the plaintiff, that the question, whether the supposed trustees have any effects or not, can be tried and decided only on their own disclosure upon their examination in court; and, therefore, that the matter of this plea is not traversable, and cannot be pleaded by a defendant.
* We have no doubt, that, when the trustees are all [* 39] discharged, and it appears, on the inspection of the writ and the returns, that there has been no other sufficient service on the defendant, the writ may be abated or dismissed, without any such plea by the defendant.† But it does not follow that it may not also be pleaded, if needful for the security of the defendant, before the trustees have made their disclosure. If it could not be so pleaded, the statute might be constantly evaded. The plaintiff might summon one as trustee, who would agree to be defaulted ; in which case it could never appear to the Court, in that suit, that he had no effects of the principal, unless it could be thus pleaded. If it be said, that the trustee may be compelled to appear and answer on scire facias, the answer is, that the original plaintiff may perhaps know that the supposed trustee has nothing, and may, therefore, omit to sue out a scire facias ; and, even if the trustee were discharged on such process, still, it would be too late to aid the principal defendant in the original suit; as judgment must have been already rendered against him.
But, without supposing any improper design or collusion, a person summoned as trustee may be defaulted ; and if, in truth, he had no effects, all the same mischiefs would follow, and judgment would be rendered against the absent defendant, contrary to justice, and to the manifest intent of the statute.
It is certain, that the defendant will, in many cases, be deprived of *42 the advantage intended to be secured to him by this statute, unless he is allowed thus to plead the defect and insufficiency of the service. His appearing to take this exception is not a waiver of the exception ;(1) nor is it taking upon him the defence of the suit, within the proviso of the statute. It is, to show cause why he should not take upon him the defence.
Nor is there any objection, from the general principles of pleading, to the matter of this plea. The service, as returned by l * 40 ] the sheriff, is apparently good and sufficient. But, if * the supposed trustees have no effects of the principal in their hands, so that no property of his is attached in the suit, the service is not sufficient. The question, whether they have any such effects, is not settled by the averment in the writ, nor by the return of the sheriff. It is, therefore, the proper subject of a plea. The defendant thus secures to himself the advantage intended by the statute, even though the supposed trusteee should, from negligence or collusion, be defaulted, and charged as trustee, when he has no effects. -
There is no hardship on the plaintiff, in holding him to answer to such a plea ; as the defendant takes on 'him the burden of proving affirmatively that none of the persons summoned have any of his effects in their hands ; and, if he do not prove this satisfactorily, the plaintiff will recover judgment. It may be added, that, as this is a plea to the writ only, it must, by our laws, be filed before it can be known whether the supposed trustees will appear; and, of course, if the defendant intends in all events to avail himself of the provisions of the statute, he must do it by plea. Therefore, although the facts stated in the plea in this case now appear to the Court to be true from other parts of the record, namely, from the disclosures of the trustees, and the judgment thereon ; yet this is no objection to the plea, as the facts did not so appear at the time when the plea was filed ; and it could not then be known that the trustees would evet make any disclosure in this suit.
We are, therefore, of opinion, that the plea is good and sufficient, and that the writ be accordingly abated.†

 Lawrence vs. Smith & al., 5 Mass. Rep 362. — Tingley vs Bateman & Trustee, 10 Mass. Rep 343. — Jacobs vs. Mellen & Trustees, 14 Mass. Rep. 132. — Hawkes & al. vs Kennebec, 7 Mass. Rep. 461.— Gage vs Gannett, & al., 10 Mass. Rep. 176. — Inhab. County of Lincoln vs. Prince, 2 Mass. Rep. 544

 7 Mass. Rep. 29.

 Jacobs & al. vs. Mellen & Trustees, 15 Mass. Rep. 132.— Tingley vs. Bateman Trustee, 10 Mass. Rep. 343. — Guild vs Richardson, 6 Pick. 364. — Eaton vs. Whiting 3 Pick. 484.