Per Curiam.

We have not found it necessary to examine the record, to ascertain whether there was any thing peculiar in the order for the amendment, as suggested by the defendant, or at what time the amendment was made; because, in any event, the writ must be abated.
If.the name of Safford, as one of the trustees, was properly struck out, the writ must be considered in the same light as if his name had never been introduced; and, in that case, the Court must have abated the writ ex officio. The statute is peremptory, that, when all the trustees dwell in one county, the writ shall be made returnable there. On the other hand, if Safford is still to be considered as one of the trustees, then the replication is disproved.
We have no doubt that it is competent to the defendant to take this exception, and to plead it in abatement of the writ. It has been long since well settled, that a trustee, when summoned to appear out of his own county, may make such a plea, as to the supposed trustees who dwell in the county where the writ is returnable. Wheeler Of Gay, in this case, might have pleaded this matter; and, if not denied, it would have abated the writ.
But the defendant, if he pleads in abatement, must, by our statute, file his plea at the first term, and before the jury is impanelled. At that time this defendant might not know whether Wheeler 8f Gay would plead in abatement or not, nor whether they would be finally adjudged trustees or not. If, therefore, he were not allowed to make this plea, it would depend on the will of *119 the supposed trustees, whether there should be a judgment against him or not. If he should rely on their taking the exception, and should therefore neglect to appear, he would be defaulted ; and the trustees, by * waiving the exception, might make the judgment conclusive against him.
If, on the other hand, the defendant should apprehend that they would not take the exception, and' should therefore plead to the action, he would be concluded, by force of the statute of 1798, c. 5, although it should afterwards appear that there had been no sufficient service of the writ. The consequence would be, that, in every case where the defendant was not willing to be defaulted, and to suffer judgment against him, he must plead to the action, and so make the writ good, although the service was wholly insufficient.
If Wheeler fy Gay aloné had been summoned as trustees, the writ would have been abated at the motion of the defendant, or of any one as amicus curia; because the defect would be apparent on the face of the writ. The defect is not less • fatal when the name of another supposed trustee is inserted, for the purpose of evading the statute; the plaintiff well knowing that he has no effects of the principal. Such an attempt to evade the statute would be wholly ineffectual; and the writ would be considered as if the name of the fictitious trustee had never been inserted.
But these facts cannot be made to appear without a plea; because the plaintiff must have opportunity to traverse them." Then it necessarily follows that the defendant may show the defect in the writ and service by a plea, when it does not appear upon the face of the proceedings; for the same reason, and with the same effect, as he may point it out to the Court, and take advantage of it, when apparent in the writ.
It was said that the defendant, in this case, could not object to the jurisdiction of the court in Boston; because, as to him, the action was well brought in the county where the plaintiffs lived. But the objection, as it lies in his mouth, is not that the court has no jurisdiction, but that there has been no legal service of the writ. The service on Safford is avoided by the facts pleaded; the service on Wheeler fy Gay is prohibited * by the statute ; so that, in effect, there is no estate of property of the defendant attached on the writ; and it appears, by the return, that no other service of the writ was made or attempted. This brings the case within that of Gardner vs. Barker &f Al. 12 Mass. Rep. 36.

Writ abated.