## CHARLES BROWN *vs.* JOHN WEBBER & Trustee.

Where a plaintiff in a trustee process, brought in the county in which he resides, inserts therein the name of a person residing in another county, as defendant, in his individual capacity, and the same person, in the capacity of administrator, as trustee, the court will not, at the plaintiff's suggestion, after the defendant has appeared, answered, and been discharged as trustee, treat as surplusage all that part of the writ relating to the trustee.

Where the court, in which a transitory action is brought, has jurisdiction of the cause and of the subject-matter, a defendant, who has submitted himself to the jurisdiction of the court, cannot afterwards object to the jurisdiction, on the ground, that by law the action should have been brought in another county.

A defendant in a trustee process, who has appeared generally, cannot, after verdict against him, object to the jurisdiction of the court, on the ground, that the action was not brought in the county in which the trustee resided.

It seems, that a declaration in assumpsit, stating generally that the defendant, being indebted to the plaintiff in a certain sum, promised to pay the same according to the tenor of certain notes made by the defendant and payable to the plaintiff without stating for what the defendant was indebted, is bad, even after verdict.

A count upon a promise made to the plaintiff's intestate cannot be joined with a count, alleging that the defendant, " being indebted to the plaintiff as aforesaid," (the plaintiff having been previously described as administrator,) in a certain sum " for goods sold and delivered by the plaintiff to the defendant, in consideration thereof promised to pay the same to the plaintiff; " and a declaration, in which such counts are joined, is bad, even after verdict.

THE plaintiff in this case sued out a trustee writ in common form, returnable to the court of common pleas for this county, commanding the officer to attach the goods or estate of John Webber, of Gloucester, in the county of Essex, in his individual capacity, and also what he might have in his possession as administrator of the estate of the late Anna Somes, of Gloucester, to the value of five thousand dollars; and to summon the said John Webber " to answer unto Charles Brown,

of said Boston, administrator of the estate of Joseph Meads, late of Boston, in a plea of the case, for that the said defendant, on the day of the purchase of this writ, being indebted to the plaintiff, as aforesaid, in five thousand dollars for goods sold and delivered, by the plaintiff to the defendant, &c., in consideration thereof promised to pay the same to the plaintiff on demand; yet he has not paid the same."

The writ contained a second count, as follows : — "And in a further plea of the case, for that the said Webber, in the year 1835, being indebted to the said Joseph Meads in the sum of $5,000, in consideration thereof promised the said Joseph, in his lifetime, to pay the same according to the tenor of certain notes made by the said Webber, and payable to the said Joseph. Yet, though requested, the said Webber never paid the same to the said Joseph, in his lifetime, or since his death to the plaintiff, but refused and still refuses so to do."

The only trustee named in the writ was "John Webber, administrator of the estate of the late Anna Somes, of Gloucester."

At the first term of the court of common pleas, the action was removed to this court on affidavit. The defendant came in and answered as trustee, and was discharged and allowed his costs as such.

The defendant then pleaded the general issue and went to trial, and after verdict for the plaintiff, moved in arrest of judgment on the following grounds : —

1. For that this court, sitting within and for the county of Suffolk, had and hath not jurisdiction to try and determine this action, nor to render judgment therein.

2. For that the writ, whereby this action was instituted, could not lawfully be made returnable into this court, sitting within and for the county of Suffolk, but only into this court, sitting within and for the county of Essex, and so is void; and this court, sitting within and for the county of Suffolk, can lawfully render no judgment in the premises.

3. For that the writ contains no declaration, on which a judgment can lawfully be rendered in favor of the said Brown, in his capacity aforesaid.

Brown *v.* Webber & trustee.

*B. R. Curtis* and *G. P. Sanger*, for the defendant.

*R. Choate* and *J. C. Adams*, for the plaintiff, contended that every thing in the writ that went to charge a trustee might be rejected as surplusage. They also argued that the defendant's objections came too late; citing, to the point, that the defendant, by pleading generally, had waived all exceptions to the jurisdiction, *Simonds* v. *Parker,* 1 Met. 508; *Carpenter* v. *Aldrich,* 3 Met. 58; *Parkman* v. *Crosby,* 16 Pick. 297; *Tingley* v. *Bateman,* 10 Mass. 343; *Ray* v. *Underwood,* 3 Pick. 302; *Hart* v. *Anthony,* 15 Pick. 445; *Nye* v. *Liscombe,* 21 Pick. 263; *Cleveland* v. *Welsh,* 4 Mass. 591; and to the point that the declaration was sufficient after verdict, *Smith* v. *Cleveland,* 6 Met. 332; *Ripley* v. *Warren,* 2 Pick. 592; *Carlisle* v. *Weston,* 21 Pick. 535; *Simonds* v. *Parker,* 1 Met. 508; *Carpenter* v. *Aldrich,* 3 Met. 58; *Foot* v. *Knowles,* 4 Met. 386.

SHAW, C. J. This is a motion in arrest of judgment on several grounds stated. One is, that the suit was not rightly brought in this county; and the argument is, that if the court have not jurisdiction, it may be taken advantage of in any stage of the cause, and that if in any form it is brought to the notice of the court, they will stay all further proceedings.

The present case is this; it is in form a trustee process, in which a novel attempt is made to charge the same individual person, as trustee, in his capacity as administrator, for himself and his own debt, as principal defendant. The plaintiff is described as of Boston, the principal defendant and trustee as of Gloucester, in the county of Essex. The defendant came in as trustee, answered, was discharged, and had his costs. The defendant then pleaded and went to trial, a verdict was rendered against him, and he now moves in arrest of judgment, on the ground, that by statute, (Rev. Sts. *c.* 109, § 7,) when one trustee only is named, the writ must be brought in the county where the trustee lives; though by another provision, notwithstanding all the trustees are discharged, the plaintiff may proceed against the principal defendant, in the same manner as if the suit had been commenced by writ in common form, if such service has been made on the defendant, as would be sufficient, had there been no trustee named, and the suit had been commenced by a common writ. Rev. Sts. *c.* 109, § 10.

In this case, it was contended on behalf of the plaintiff, that all which was contained in the writ, attempting to charge the defendant in the double capacity of principal defendant and trustee, was wholly void, and might be treated as surplusage; and that the suit was rightly brought in Suffolk, the domicil of the plaintiff. But the court are of opinion, that the writ cannot be so treated; the writ is in the form of a trustee process, in which a trustee was named and summoned. And it must be remembered, that the domicil of a trustee named fixes the locality of the suit, the place where the principal defendant is to answer, as well as that of the trustee; and if the writ is returnable in any other county than that where an only trustee is described to live and have his domicil, the principal defendant, as well as the trustee, may appear at the first term, and move to dismiss the action, because he is not liable to answer in that county, although it is his own county, or that of the plaintiff.

But, for another reason, the court are of opinion, that the motion in arrest of judgment on this ground cannot be maintained; because it comes too late, after the party has pleaded the general issue and taken his trial on the merits. He has thereby submitted himself to the jurisdiction of the court.

This rule is in a high degree reasonable; it is within the policy of all that class of cases, in which it is held, that a party, who is aware of any defect or irregularity in the process, or of any technical objection, who does not make it seasonably to avoid expense and delay, shall be held to waive it. *Simonds* v. *Parker,* 1 Met. 508. So, where there is any good and substantial objection, which, if made in season, might have been avoided, such as the interest of a juror; *Davis* v. *Allen,* 11 Pick. 466; or the partiality of a referee; *Fox* v. *Hazelton,* 10 Pick. 275; the party shall not be heard to raise it, after proceeding and taking his chance of success on a trial.

We are aware of the maxim, that consent cannot give the court jurisdiction. This is true, where the maxim is properly applicable, as where a suit is brought in a court having no jurisdiction of the subject-matter, as in case of a real action, local in its nature, out of the county where the estate lies, or a bill in equity in the court of common pleas, or the proof

of a will in a court of common law. But when a court is one of general jurisdiction, and has jurisdiction of the subject, and a party is summoned, though irregularly, if he does not object to the irregularity in the proper stage, but pleads, answers, or enters a general appearance, he waives the objection, and, in a certain sense, therefore, does give jurisdiction by consent; that is, jurisdiction of the person.

A court, in order to render a valid judgment, must have jurisdiction of the subject-matter, and of the persons of the parties. In the language of the statute, (Rev. Sts. *c.* 100, § 21,) it must be a suit where the *person* and *case* may be rightly understood by the court.

In order to acquire jurisdiction of the person, he must be served with process, as required by law, by arrest, attachment and summons, or original summons, or otherwise. If the defendant would object to the irregularity, or want of due service, in this respect, he may do so, by plea in abatement, where it is necessary to plead any matter of fact, on which his objection is founded, or by motion to dismiss, where the objection is apparent on the face of the proceedings, or the return of the officer; and in either case, before pleading generally to the merits. And to enable him to do this, he may appear specially for the purpose of stating such objection, without thereby waiving it. But if he will enter a general appearance, or plead to the merits, or lie by after he is aware of the matter of objection to the jurisdiction, he thereby submits himself to the jurisdiction of the court; and the court, then, having jurisdiction of the subject, and jurisdiction of the persons of the parties, may proceed, and the exception, that the suit is brought in the wrong county, cannot be made in arrest of judgment. *Gleason* v. *Dodd,* 4 Met. 333, 339.

If this is a correct view, it follows as a necessary consequence, that if one is summoned to answer in a county other than that designated as the county where the law directs that the action shall be brought, whether the suit is commenced by a common writ or a trustee writ, he is not bound to answer there, because the court have not jurisdiction of his person, by a lawful service, nor has he submitted himself to the jurisdiction

Brown v. Webber & trustee.

of such court by his plea or general appearance. He is not, for the same reason, chargeable on his default; and if a judgment were rendered against him, on such default, it would be erroneous, and he might have a remedy, by error, *certiorari,* review, *audita querela,* or motion to quash or dismiss, according to the various kinds of action and forms of proceeding, and the circumstances of different cases.

These distinctions, perhaps, between jurisdiction of the case, and jurisdiction of the persons of the parties, has not always been kept distinctly in view; and there may perhaps appear to be some conflict in the cases upon this subject. It may therefore be useful to review the cases to some extent, several of which were cited at the bar.

The case of *Wilcox* v. *Mills,* 4 Mass. 218, was *scire facias* against a trustee on a suit commenced in another county than that in which the trustee lived. The trustee's plea in abatement was overruled, upon a technical ground, that in *scire facias* nothing can be pleaded, which would have been a good plea in the first suit, and that the effect of the judgment in that suit was to determine *primâ facie,* in default of an answer, that the trustee had some effects; and that judgment must be deemed conclusive upon him as a party thereto, until set aside or reversed. But, subsequently, he appeared, answered, was discharged, and had his costs. Upon a careful examination, we do not consider this case an authority against the rule above stated.

In *Cleveland* v. *Welsh,* 4 Mass. 592, a defendant, sued out of his county, appeared and pleaded in abatement, after the jury were impanelled. It was held, that the plea came too late, and, for that reason, could not be admitted. And as the court had jurisdiction of all transitory actions, and he had appeared generally, both to file his plea, and afterwards to plead to the merits, judgment was rendered against him. The court had jurisdiction of the subject by their general cognizance of all transitory actions, and he had submitted to the jurisdiction by his general appearance and plea.

The case of *Robinson* v. *Mead,* 7 Mass. 353, was an action of replevin, brought in the wrong county; and, after verdict,

VOL. VI.                    48

Brown v. Webber & trustee.

on motion in arrest of judgment, the judgment was arrested. No reasons are' given, but the court decided on the ground, that by law replevin is local in its nature, and could only be brought in the county where the goods were taken or distrained. It was originally a remedy for an illegal distress for rent, and partook of the locality of the realty. The broad and marked distinction between local and transitory actions is well stated in *Mostyn* v. *Fabryigas*, Cowper, 176, in which it is held, that, of a transitory action, the court has jurisdiction in *any* county in which it is commenced.

The case of *Osgood* v. *Thurston*, 23 Pick. 110, was a *scire facias* sued out in the court of common pleas on a judgment recovered in the supreme judicial court; and it was held a nullity, and that the appearance and plea did not give the court jurisdiction, because they had by law no jurisdiction of the cause. It was a judicial writ, and by law local, and could only be sued out and made returnable in the court where the record was.

The case of *Taunton & South Boston Turnpike* v. *Whiting*, 9 Mass. 321, though short, is significant. The defendant, being sued by a corporation, in the county of Bristol, pleaded, that the plaintiffs' action, if any, was personal and transitory; that he did not live in Bristol but in Suffolk; that the plaintiffs were a corporation, and had no domicil in the commonwealth, and therefore they should have sued him in Suffolk. The plaintiffs demurred. The court, remarking that the plaintiffs were a corporation, having no commorancy within the commonwealth, held that they were not within the purview of the statute relied on by the defendant, and overruled the plea in abatement.

In *Nye* v. *Liscombe*, 21 Pick. 263, it was held, that as the defendant was not an inhabitant of the commonwealth, and no property was attached, the court had no jurisdiction of the person, and the suit on motion was dismissed; and the appearance being special, for the purpose of making the motion, it was not a waiver.

The case of *Carlisle* v. *Weston*, 21 Pick. 535, where a motion to dismiss was made after a plea to the merits, for want of

service by a proper officer, the appearance and plea were held to be a waiver. There are some expressions in the opinion, seeming to imply that the objection was to the jurisdiction, and not to a mere irregularity of service; but the decision, we think, was right and conformable to the rules we have adopted. That a valid judgment cannot be entered, on the default of a party, on process returned by an officer not duly authorized, and that such judgment will be reversed on error, was decided in the case of *Hart* v. *Huckins,* 6 Mass. 399.

In the case of *Raymond* v. *Lowell,* (ante, p. 524,) at the present term, it was moved in arrest, that the suit was brought erroneously by a citizen of another state, in any other county than Middlesex. Since that case was decided, I have met with one not cited at the bar, nor by the court, which is directly in point; *Allen* v. *Pacific Ins. Co.,* 21 Pick. 257. It was a suit by a citizen of another state against a corporation, substantially made local in Suffolk by Rev. Sts. *c.* 90, §§ 14, 16, and brought in the county of Bristol, and held to be well brought.

The case of *Ames* v. *Winsor,* 19 Pick. 247, is decisive of the point, that a person not duly summoned may appear specially for the purpose of taking the exception, without waiving it.

In *Jacobs* v. *Mellen,* 14 Mass. 132, it was decided, amongst other things, that a principal defendant, as well as a trustee, may plead in abatement, or move to dismiss, when the suit is brought in any other county than that where the trustees, or some of them, live. In the *per curiam* opinion there given, it is said, that if it appeared in the writ, that all the trustees summoned were described as out of the county, the writ would have been abated at the motion of the defendant, or of any one as *amicus curiæ,* because the defect would have been apparent on the face of the writ. The latter proposition may well be doubted, and the reason is not satisfactory, because the court had jurisdiction of the subject, and if the parties respectively had appeared and answered, without plea in abatement, the court would have had jurisdiction of the persons of the parties, and a valid judgment might have been rendered.

In *Hunt* ·· *Hanover,* 8 Met. 343, the case was dismissed for

want of jurisdiction of the subject-matter apparent on the face of the writ, which was not brought in conformity with the jurisdiction act of 1840, *c.* 87.

In *Fitzgerald* v. *Salentine,* 10 Met. 436, it was held, that a judgment by default, against a defendant not duly served with process, was of no validity.

We shall now refer to several recent cases having some bearing upon the subject.

In the case of *Nash* v. *Brophy,* 13 Met. 476, the plaintiff was described as of Norfolk, and the principal defendant of Middlesex, and the trustee was described as of Quincy, in the county of Norfolk. At the first term, the principal defendant appeared generally, filed an account in offset, and procured a continuance. The trustee appeared at a subsequent term, filed a general answer, stating that he was not an inhabitant of the county, but submitted himself to an examination, and afterwards answered interrogatories, and was discharged on his answers. At the third term after the action, the defendant moved to dismiss the action, because the trustee was an inhabitant of Plymouth, and the action should have been brought in that county. The motion was overruled; and after a verdict for the plaintiff and an appeal, this court held the decision right.

In *Belknap* v. *Gibbens,* 13 Met. 471, the motion to dismiss was made by the defendant at the third term, on the ground, that three persons were plaintiffs, and one of their own number was summoned as trustee, and that the principal defendant was not rightly served with process to render him liable, if the trustee should be discharged. The motion was allowed by the court below, but, on exceptions, this court reversed that decision, so far as regarded the principal defendant. The decision was placed by the argument, and by our decision, in some measure, upon other grounds, but mainly upon the ground, that the motion was not seasonably made at that term. This case is quite consistent with the present.

The most recent, and, the last case which there will be occasion to cite, is that of *Lewis* v. *Denny,* 4 Cush. 588. The plaintiff was described as of Norfolk, and the defendant cor-

porations, made *quasi* local by Rev. Sts. *c.* 90, § 16, were all of the county of Worcester. The trustees and the principal defendant appearing specially, at the first term, filed several motions to dismiss the suit, on the ground, that it was made returnable in the wrong county: the court being of this opinion, the facts appearing on the face of the proceedings, dismissed the suit.

In this review of the authorities, we think it is manifest, that though there are occasional intimations and implications in the expressions of judges, wearing a different aspect, there is no adjudication opposed to the views we have here taken. The result is, that where the court has a jurisdiction of the cause and subject, as in transitory actions, where the jurisdiction is not limited by statute; and where they hold also jurisdiction of the persons, either by being rightly served with process, returned in the right county, as designated by the statutes, or where they have taken jurisdiction of the persons, by their submission to the jurisdiction, no exception can be taken to the rendering of a valid judgment; and that a defendant does waive all exceptions to irregularity, including the fact that the process is made returnable in a wrong county, by a general apperance and plea or answer to the merits; that a special appearance may be entered without waiving the exception, and a plea in abatement filed, where the matter of objection is not apparent on the face of the record, and a motion to dismiss when the cause is apparent on the face of the record; and that such plea or motion may be made by a principal defendant, as well as by a trustee; and that the county in which a writ is to be returned is fixed by the place of a trustee or trustees named in the writ, and will not be changed by the fact that the trustees are afterwards discharged. It also follows, that if neither plaintiff nor defendant lives in the county where the writ is returned, or in a county where a trustee named in the writ lives, and though such trustee is discharged, the suit is rightly brought in such county, and may, after the discharge of the trustee, be prosecuted against the principal defendant, if such service has been

48 *

made on him as would be legal, if the suit have been commenced by a common writ.

With these views of the law, this case is easily decided. It is on the face of it a trustee process, though the defendant is named trustee to himself. In the clause, in which he is summoned as trustee, no addition of place is given him; but if we take him to be the same person named as principal defendant, then he is described as of Gloucester, in the county of Essex. Had this been pleaded in abatement at the first term, it might have abated the writ, but he appeared as trustee and answered, and as principal defendant pleaded and took a trial, and thereby waived the exception and submitted to the jurisdiction of the court in this county. It is no ground for a motion in arrest of judgment.

2. Another ground taken in the motion in arrest of judgment is, that the declaration is bad, and no judgment can be rendered on it. The first exception under this head is, that the second count is bad. The count is in an unusual form, and very concise. [Here the judge read the count, as on page 561.] In general, the averment of being indebted, without saying for what, is insufficient, because *non constat* that it may not be on a specialty, and so would not support assumpsit. It has been held, however, " that indebted according to the account annexed" would do, being warranted by usage, if the account should show a claim on simple contract. *Rider* v. *Robbins*, 13 Mass. 284. Here no account is annexed. The phrase is according to the tenor of certain notes; but this does not qualify the indebtedness, but the implied promise, founded on the indebtedness. We are inclined to think the count bad. Lawes on Pleading in Assumpsit, 430. If the count is bad, the verdict being general, a judgment on it would be erroneous.

3. But by far the more material objection is that of misjoinder of causes of action; this is a fatal objection, whether the misjoinder be of causes of action, in different capacities, in the same, or in different counts. This objection, we think, is well sustained. The plaintiff sues as administrator of Joseph Meads. The first count is the general count for money, goods sold, services, interest, &c., in a common printed form. After

Brown *v.* Webber & trustee.

describing the plaintiff as suing in his representative capacity, the count proceeds, being indebted to the plaintiff " as afore-said ; " this, if not controlled, would probably be regarded as if his representative capacity were more fully stated ; but it after-wards, in setting out the consideration, adds, for goods sold, &c., *by the plaintiff* to the *defendant;* and so throughout, the consideration proceeds from the plaintiff, and the promises are promises to the plaintiff.

The second count alleges a promise to the intestate, and a promise to pay him in his lifetime, and alleges non-payment to him in his lifetime, and to the plaintiff since. But it avers no promise to the plaintiff. That such a misjoinder is bad on error, is settled by various authorities. *Henshall* v. *Roberts,* 5 East, 150; *Jennys* v. *Newman,* 4 T. R. 347. No doubt, counts on promises to the testator, and to the executor in his representative capacity, may be joined, because in either case the judgment would be the same; but that is not the present case. *Sullivan* v. *Holker,* 15 Mass. 374.

That demurrer will hold, in case of such misjoinder, is shown by the cases cited ; and, upon the same principle, judgment will be arrested on motion.*                *Judgment arrested.*

---

* But now, by *St.* 1852, *c.* 312, § 22, (reënacting *St.* 1851, *c.* 233, § 32,) it is pro-vided, that " No motion in arrest of judgment, for any cause existing before verdict, shall be allowed in any case where a verdict has been rendered, unless the same affects the jurisdiction of the court. And when the defendant has appeared and answered to the merits of the action, no defect in the writ or other process, by which he has been brought before the court, or in the service thereof, shall be deemed to affect the jurisdiction of the court."