## KING v. HOLMES AND TRUSTEE.

An action may be commenced against a non-resident defendant, by the attachment of his property in the hands of his trustee residing in this State, by virtue of the trustee process, and afterwards notifying the defendant of the pendency of the suit, by publication in some newspaper, in pursuance of an order of the court.

CASE, for deceit in the sale of a horse. The principal defendant resides in Groton, Massachusetts, and resided there at the commencement of the action. No personal service has been made on the defendant, but at the time of the service upon the trustee, a certain sum of money was in the trustee's hands, belonging to the defendant.

The action was entered at the October term of the common pleas, 1852, and continued for notice, and an order of notice made by publication, which order has been complied with. At the next term, April, 1853, the trustee moved to dismiss the action, on the ground that there had been no sufficient service on the defendant, and that no sufficient attachment of his goods or estate has been made.

The questions arising upon the motion were transferred to this court for determination.

*Atherton & Sawyer*, for the plaintiff.

*A. F. Stevens*, for the trustee.

EASTMAN, J. The action against the defendant is not one of that class where the trustee process does not lie; and the plaintiff, therefore, encounters no difficulty upon that ground. Com. Stat. ch. 221, § 1.

The only question that arises upon the case is, whether a suit may be commenced against a non-resident principal defendant, by the attachment of his property in the hands of his trustee, residing in this State, and afterwards notifying the defendant of the pendency of the suit, the property being of that kind which is subject to the trustee process.

There is no express, specific provision of the statute particularly providing for the commencement of actions in this manner, but we think the practice is recognized by implication. By section 31, chapter 221 of the Compiled Statutes, it is provided that if any person, summoned as trustee, is chargeable as such, and the principal defendant has had no

personal notice of such suit, the trustee may appear and defend such suit for such defendant, and may have a continuance for the purpose of notifying such defendant, upon such terms as the court shall order, and such costs shall be awarded for or against such trustee as equity may require.

It is apparent that this must refer to a non-resident defendant, otherwise notice to him, after the first term, would not avail. Where a defendant resides in the State, service must be duly made upon him before the return of the writ.

It is, moreover, to be considered that the property is local; it is within our jurisdiction, and our laws recognize its attachment in the hands of the trustee. We have jurisdiction over the property of the defendant, although not over his person.

Having jurisdiction over the property, and that property being attached in a method prescribed by statute, by the service of the writ upon the trustee, the court may order notice upon the defendant of the pendency of the suit, by publishing the order in such newspaper, printed in this State, and for such period of time, as the court may therein direct. Comp. Stat. ch. 198, § 5.

It is true, that the section of the statute last cited does not, in terms, provide that where the property of a non-resident is attached in the hands of a trustee, that notice may be given by publication; but it does provide that in any action commenced against any defendant who is not an inhabitant of this State, and the goods and estate of the defendant within this State shall be attached, a notice by publication may be given by order of the court. And we think, taking the provisions of section 31, chapter 221, in connexion with section 5, chapter 198, and the general provisions of the law, recognizing the attachment of a principal defendant's property in the hands of his trustee, an action may be commenced in the manner in which this was; that

the attachment spoken of in the fifth section must be construed to include attachments made in a trustee process.

And we are indirectly sustained in these views by some decisions in Massachusetts. *Gardner* v. *Barker & Tr.* 12 Mass. Rep. 36; *Jacobs* v. *Mellen*, 14 Mass. Rep. 132. In the former of these cases, it was held that if upon the disclosure of the trustee, where the principal defendant was a non-resident, and had not been notified, it should appear that there was no property in his hands belonging to the principal, the suit would be dismissed, which was, in effect, saying that had there been property it would have been a good commencement of the action. In the case before us, it is found that there is property in the hands of the trustee.

We are satisfied that the motion to dismiss the action should be overruled.

*Motion denied.*