### GEORGE O. BLAKE & another *vs.* MARIA L. SAWIN.

Assignees of an insolvent debtor may maintain a real action against his wife, without averring that she held the land to her sole and separate use.

A party who in the course of a trial has admitted the execution of a deed cannot afterwards in the same trial require it to be proved by calling the attesting witnesses.

A declaration in a real action which alleges that a married woman disseised the demandant is not contradicted by proof of fraudulent conveyances to her, to her sole and separate use.

If a copy of a paper has been admitted as secondary evidence, and the original is subsequently found, it is within the discretion of the court to permit the original to be put in evidence, after the opening of the case of the adverse party.

A debtor who has concealed his property in order to defraud his creditors is to be regarded as insolvent, although he may have sufficient property in money to pay all his debts.

Evidence that the business of an insolvent debtor was the sale of intoxicating liquors at retail, and that the notes which he owed were all given to pay for such liquors, is not sufficient to prove that the consideration of them was illegal, or to call for a ruling in regard to the effect which would be produced upon an action brought by his assignees to set aside a conveyance by him as fraudulent, if the consideration were illegal.

It is not necessary to make a formal ruling to the jury that in a writ of entry the rights of the parties are to be determined upon strict principles of law, although the tenant asks for such ruling; but it is sufficient to rule that the case is to be tried upon the law and the evidence, like all other cases.

A voluntary conveyance made by an insolvent debtor for the purpose of defrauding his creditors may be avoided by his assignees, although the grantee did not participate in the fraudulent intent.

WRIT OF ENTRY, dated December 21st 1863, by the assignees of George H. Sawin, an insolvent debtor, against his wife, to recover a house and land on Temple Street in Boston. The declaration was in the ordinary form, and did not allege that the tenant held the land to her sole and separate use; and the writ described her as the wife of George H. Sawin.

At the trial in the superior court, before *Ames, J.,* the tenant asked the court to rule that the action could not be maintained upon the declaration; but the judge refused so to rule.

In order to prevent a delay for the purpose of procuring the attendance of the subscribing witnesses to a deed of the premises to George H. Sawin, which the tenant had previously agreed to produce at the trial, the tenant admitted the execution of it, but asked the court to rule that nevertheless the demandants must call the attesting witnesses; but the judge ruled otherwise.

The demandants put in evidence a deed of the premises from George H. Sawin to George Sennott, and a deed from the latter to the tenant, to her sole and separate use; both being for the expressed consideration of one dollar and other good and valuable considerations, and bearing date November 11th 1862, acknowledged, executed and recorded together. The tenant objected that these deeds proved a fatal variance from the declaration, but the judge ruled otherwise.

The demandants then proved that proceedings in insolvency against Sawin were commenced in April 1863, and, the original assignment to them being lost, a certified copy was put in evidence. After the tenant's case had been opened, the original was found, and admitted in place of the copy, against the tenant's objection.

The demandants offered evidence tending to prove that Sawin purchased a large amount of merchandise in September and October 1862, and in November converted it into money, amounting to about $35,000, and carried the money to California, informing no one of his intention but his wife and Mr. Sennott, his counsel, and making no provision for his debts; that his business was the sale of intoxicating liquors at retail, and that the notes which he owed were all given to pay for such liquors. There was no evidence whether or not the sellers had licenses. The judge ruled that the alleged illegality of consideration was not open to the tenant in this action.

The tenant requested the court to rule that in a writ of entry the rights of parties are to be determined upon strict principles of law. The judge, instead of so ruling, instructed the jury that the burden of proof was on the demandants, who could only prevail on the strength of their own title; that this case was to be tried upon the law and the evidence, like any and all other cases, and that in this respect there was no difference between this case and any other.

It was in evidence, and not denied, that on the 11th of November 1862 George H. Sawin was in good credit, had the house now in controversy, $25,000 in money, and no notes payable until December. It was in dispute whether his conveyance

of that date was voluntary or for a valuable consideration. **The** tenant asked the court to rule that a man is said to be insolvent who is under a present inability, in the ordinary course of business, to answer the responsibility which his creditors may enforce by legal proceedings, and that even if any creditor of Sawin could then have enforced anything legally against him, Sawin was not then under any present inability to pay; and that, to be insolvent when the conveyance was made, Sawin must be shown to be overwhelmed with debt without means, after making the conveyance, to pay existing debts.

The judge did not rule in the words prayed for, but instructed the jury that if they found that the tenant did not pay any money or give any valuable consideration for the property, and if Sawin in making the conveyance had and carried out a fraudulent intent against creditors, the demandants would be entitled to recover; that in that event it would not be necessary to show that the tenant participated in or knew such intent on his part; that it was not necessary to show actual insolvency on his part, but it was enough to show that he was heavily and largely indebted; that he wanted to put the property out of the reach of his creditors, and that the demanded premises would probably be needed for their payment; that he might be considered as insolvent, for the purposes of this trial, if he were fraudulently concealing his property to avoid the payment of his debts, and to prevent its being taken by his creditors, thereby rendering himself liable to be proceeded against as an insolvent debtor, even though his property should consist of money in his pocket, and should be sufficient to pay all his debts; that a man may be said to act in contemplation of insolvency, who takes a course which he knows, or would naturally expect, would cause his creditors to proceed against him as an insolvent debtor; and that if the jury thought he intended to defraud creditors, they were to consider and satisfy themselves, on the evidence, when that purpose was formed, and whether the conveyance to his wife was with the same intent and a part of the same scheme and whether at that time he intended to withdraw himself and his property from the reach of his creditors.

The jury returned a verdict for the demandants, and the tenant alleged exceptions.

*G. Sennott,* for the tenant.

*R. M. Morse, Jr.,* for the demandants.

CHAPMAN, J. 1. The tenant contends that assignees in insolvency cannot maintain a real action against one whom they aver to be the wife of their insolvent, without also averring her statute qualifications to hold real property. It is not denied that she may hold such property, and sue and be sued in respect to it according to the provisions of Gen. Sts. *c.* 108, §§ 1, 3. But we see no necessity for such an averment as is suggested. The ordinary form of a count in a writ of entry is adapted to the case, and there is no rule of pleading or statute provision that renders any special averments necessary.

2. After the tenant had admitted the execution of the deed from Poole to Sawin, it was not necessary for the demandants to offer proof of its execution. The effect of an admission is to avoid the necessity of proving the fact admitted; and the fact that the admission was made to prevent the demandants from obtaining a postponement of the case does not alter its effect in this respect.

3. There was no variance between the declaration and the evidence. The deeds were offered for the purpose of proving that the tenant had a title to the land by a voluntary conveyance which was not valid as against the demandants, though it might be valid as between the parties. It was pertinent evidence.

4. It was within the discretion of the presiding judge to allow the demandants to put in the deed of assignment to them after the tenant's defence was opened, and no exception lies to such a decision. As a matter of practice, this is too well settled to require the citation of authorities.

5. The evidence tending to show that Sawin concealed his property for the purpose of defrauding his creditors was competent, and it was not necessary to prove his actual inability to pay his debts. *Bartholomew* v. *McKinstry,* 6 Allen, 567.

6. The ruling as to the alleged illegality of the consideration

of Sawin's notes was not material. The only facts on the subject which appear in the report are, that Sawin's business was the sale of intoxicating liquors at retail, and that the notes which he owed were all given for the purchase of the liquors which he thus sold, and for no other consideration. This alone does not make the consideration illegal.

7. It was not necessary for the court to make a formal ruling that the rights of the parties were to be determined upon strict principles of law. The ruling actually made was more pertinent to the case, and instructed the jury sufficiently.

8. The instructions as to what would constitute insolvency were correct and full.　　　　　　　　*Exceptions overruled.*