MARCELLUS STEWARD *vs.* JOSEPH W. WALKER & trustee.

*Motion in abatement—when to be filed.*

R. S., c. 86, § 16, providing that the principal defendant in a trustee process, on whom no personal service of the writ has been made, "may assume the defense of the suit," does not permit him, after the time allowed therefor by the rule of court, to file a motion in abatement for the want of service upon him.

Thus, a resident of the county summoned as trustee disclosed at the March term, 1867, that he was executor of a certain will, and that it was then uncertain whether anything, or if anything, how much would ever be due to the principal defendant. There having been no service upon the principal defendant, except a nominal attachment, notice to him by publication in a newspaper was ordered, but never given, and the action stood continued for the further disclosure of the trustee until September term, 1869, when, on the second day of that term, the principal defendant volunteered a special appearance by attorney, and filed a motion in abatement on the ground that the supposed trustee was never trustee of the principal defendant; that none of his property had been attached, nor any personal service made on him. The next day the trustee was discharged. *Held,* That the principal defendant cannot voluntarily assume the defense by pleading in abatement after the time fixed by the rule; and that the action be dismissed without costs.

ON EXCEPTIONS.

DEBT on a judgment commenced by trustee process.

The facts all appear in the opinion.

*D. D. Stewart,* for the plaintiff.

*A. H. Ware,* for the principal defendant.

The motion was seasonably filed. It would not be in accordance with a fair construction of the rule of court to require a person, against whom an action is pending, to file a plea or motion in abatement prior to the term at which he is obliged to appear. *Rathbone* v. *Rathbone,* 4 Pick. 89 ; *Cooley* v. *Patterson,* 49 Maine, 570 ; *Smith* v. *Davis,* 38 Maine, 459 ; *Robbins* v. *Hill,* 12 Pick. 568.

A party may voluntarily appear and defend. And he may file his motion in abatement within the first two days of his appearance. *Maine Bank* v. *Hervey,* 21 Maine, 38 ; *Blake* v. *Jones,* 7 Mass. 28.

The record discloses such a want of service as will abate the writ on plea or motion.   *Chamberlain* v. *Lake*, 36 Maine, 388; *Gardner* v. *Barker*, 12 Mass. 36; *Jacobs* v. *Mellen*, 14 Mass. 132; *Nye* v. *Liscomb*, 21 Pick. 263; *Morrill* v. *Rogers*, 1 Greenl. 328; *Guild* v. *Richardson*, 6 Pick. 364.

The action should be dismissed.   R. S., c. 86, § 16; *Mace* v. *Woodward*, 38 Maine, 426; *Lawrence* v. *Smith*, 5 Mass. 362; *Cassity* v. *Cota*, 54 Maine, 380.

The prevailing party is entitled to costs.   R. S., c. 82, § 94; c. 86, § 21; *Thomas* v. *White*, 12 Mass. 367; *Guild* v. *Richardson*, 6 Pick. 371; *Reynolds* v. *Plummer*, 19 Maine, 22; *Hurd* v. *Hanover*, 8 Met. 347; *Call* v. *Mitchell*, 39 Maine, 467.

BARROWS, J.   At the March term, 1867, the plaintiff entered an action of debt on a judgment, in which a resident of Somerset county was duly summoned as trustee of the principal defendant, who is described in the writ as of Embden, in the same county. No service, except a nominal attachment, was made upon the principal defendant, the officer making return that he was not within the precinct.   The alleged trustee appeared at the return term and filed a disclosure, by which it appeared that he was the executor of Sophia Walker's will; that the estate was in process of settlement, and that it was uncertain whether anything, or if anything how much would ever be due to the principal defendant under the provisions of the will.   Notice to the principal defendant, by publication in a newspaper, was ordered, but never given, and the case stood continued, apparently to await the settlement of the estate and the further disclosure of the trustee until the September term, 1869, when, on the 2d day of the term, the principal defendant volunteered a special appearance by attorney, and filed a motion to quash on the ground that the supposed trustee is not, and never was, the trustee of the principal defendant, and that no goods or estate of the principal defendant had been attached, nor any service made upon him in any way.   The next day the trustee was discharged, and had execution for his costs, and the case stood contin-

ued until the March term, 1870, when the presiding judge sustained the motion of the principal defendant, and abated the writ allowing costs to the principal defendant, to all which the plaintiff excepts.

The right of the defendant thus to intervene, and the effect of such intervention at that (or any) stage of the proceedings before he has been summoned or notified to appear and answer, must depend upon a reasonable construction of the various statutes and rules of court, which are found applicable to the case, and these statutes and rules are to be construed together to promote justice and preserve the rights of all parties.

R. S., c. 86, § 16, provides that if all the persons summoned as trustees are discharged, or the suit against them is discontinued, the plaintiff shall not proceed against the principal defendant, unless there was sufficient personal service of the writ on him; but he may assume the defense of the suit.

R. S., c. 81, § 18, provides that when goods or estate of a person, not an inhabitant of the State, and having no tenant, agent, or attorney therein are attached, notice to the defendant may be ordered by a judge in vacation, " or the court after entry may order such notice to the defendant as justice requires; and if such order is complied with and proved to the satisfaction of the court, the defendant shall be held to answer to the suit as in other cases."

Section 25 of the same chapter provides that when the service of a writ is defective or insufficient by reason of some mistake of the officer or of the plaintiff as to the place where, the time when, or the person with whom the summons or copy should have been left, the court may order a new summons to be issued and served in such manner as they may direct, and such service shall be as effectual as if made and returned on the original writ.

Section 5 of the same chapter provides that in all actions commenced in any court proper to try the same, jurisdiction shall be sustained if goods, estate, effects, or credits of any defendant are found within this State, and attached on the original writ; and service shall be made as provided in the 18th section before referred to.

"Pleas or motions in abatement, or to the jurisdiction, . . . must be filed within two days after the entry of the action, the day of the entry to be reckoned as one. . . ." Rule 6, *Regulœ Generales*.

This rule has received a liberal construction in furtherance of justice, and for the preservation of all the substantial rights of defendants. Thus, where no judge was in attendance on the first day of the term, such a motion was held to be seasonably filed on the third day. *First Nat. Bank of Brunswick* v. *Lime Rock F. & M. Ins. Co.*, 56 Maine, 424.

And it has repeatedly been held, that where a case has been continued in order to give notice to the defendant, a plea in abatement was seasonably filed, if filed within the specified number of days at the first term at which the defendant was required by law to appear, *i. e.* at the first term at which his notice calls upon him to appear. *Rathbone* v. *Rathbone*, 4 Pick. 89; *Robbins* v. *Hill*, 12 Pick. 569; *Smith* v. *Davis*, 38 Maine, 460.

But it by no means follows that a party, who volunteers an appearance, not having been called into court by any form of service, defective or otherwise, is entitled to like indulgence, or that he can, by presenting himself at any stage of the proceedings, recover against the other party a bill of costs, which, so far as he himself is concerned, is entirely of his own making. What is it competent for the defendant to do in the way of pleading, when he "assumes the defense of the suit," as he has an undoubted right to do? Can he come in, not being called, merely for the purpose of turning the plaintiff out of court, by showing that he himself is not obliged to answer because there has been no service upon him, when the statutes authorize the court to supply the defect in a manner which will preserve the rights of all parties? How shall these provisions of the statutes, to which we have referred, be construed so that they will not prove a delusion and a snare? Manifestly, the legislature designed to provide in them for the entry in court of actions in which, at the time of entry, there had been no service upon all the parties upon whom the process must be legally served before judgment could be finally entered up. It is not to be supposed that

Steward *v.* Walker.

they designed to authorize such an entry, and at the same time to give a right to the defendant to defeat it totally, and procure the dismissal of the action, with costs, by volunteering an appearance before he has received any notice to appear. If the construction contended for by the defendant could be admitted, the maintenance of the suit might always be defeated by a seasonable intervention in every case where the defendant did not see fit, *ex gratia*, to waive the objection to the service and plead to the merits. It cannot be, that while this course of proceeding on the part of the plaintiff is authorized by the statute, the defendant shall have his option to intervene, before notice to him is given or attempted, to take advantage of the defect in the service. That is not a coming in to assume the defense. It was expressly held not to be a taking upon himself the defense of the action in *Gardner* v. *Barker*, 12 Mass. 36, where the principal defendant, not being an inhabitant of the State, service was made on his agent, and he seasonably pleaded in abatement the want of any goods, effects, or credits in the hands of the supposed trustee, and of any attachment of his own goods or estate upon the writ. The court say that " his appearing to take this exception is not a taking upon him the defense of the suit within the proviso of the statute ; it is to show cause why he should not take upon him the defense." In that case the defendant, having been called into court by the service upon his agent, and having filed this plea seasonably, it was rightly sustained, and the writ abated ; but the case is not an authority which can sustain the position of this defendant whose special appearance was entirely voluntary, and his motion filed long after the expiration of the time allowed by the rules.

We hold that if the defendant designs to come in and assume the defense under the statute, or upon any previously existing common-law right so to do, he must necessarily be held to waive objections arising out of the want or insufficiency of notice, and to plead to the merits of the case.

The rule that a party, not summoned to answer to a suit, cannot sustain a claim for cost, even upon an entire surceasing of the suit

after partial service was recognized by our court in *Hodge* v. *Swazey*, 30 Maine, 162, where the complainant's property was attached and taken from him upon a writ on which no further service was made, and the action was not entered. Complainant procured from the officer a copy of the writ, and entered a complaint for costs. The court say : " The officer was bound to give the copy which the petitioner procured. It was no act of the respondents. There was no service nor any attempt to make one. The question, then, is, whether, where there has been no service, a defendant's complaint for costs can be sustained." This question the court answered in the negative, and awarded costs to the respondents.

Undoubtedly, if the defendant had any defense that would be good in bar of the claim asserted against. him, he might, finding an action pending against him in court, come in and waive any objection for the want of notice, and assume the defense of the suit, and this, if his defense was maintained, would entitle him to judgment for his costs.

If called in by a defective notice, he might maintain such dilatory plea as the facts would authorize ; but if he intervenes upon his own motion, it must be by a plea to the merits. This alone would be assuming the defense of the action. The aim and tendency of our legislation has long been to facilitate the decision of causes between party and party upon their intrinsic merits, avoiding mere quibbles and cavils, and the unexpected and unjust results that arise from too rigid an adherence to mere technicalities (which are rapidly becoming obsolete), and looking more to substance than form in the administration of justice. From this disposition, wisely or unwisely, came the abolition of special pleading and the liberal provisions respecting amendments, which are fast consigning all merely dilatory pleas to oblivion, except in those cases where the court can see that there is good cause for interposing them. The firm of Quirk, Gammon & Snap, if they thrive at all now-a-days, must do so by the skill of Gammon. Quirk has been pretty much silenced by the statutes of *jeo fails* and amendments, and Snap by those granting reviews. If this defendant had a substantial defense

to this action of debt on a judgment, he has had an opportunity to present it. But he declines to do this, and takes care to make his appearance a special one only. He is not here by any call of the plaintiff or of the court to answer; he does not assume the defense.

It remains for us to determine what must be the disposition of this action upon the facts disclosed by the record. The trustee being discharged, and no attachment having been made upon the writ, the case is not one where notice to the defendant can be legally ordered, nor can any legal judgment be rendered without one. The defendant's appearance is only *sub modo*, and cannot enable the action to proceed. It must be dismissed without costs, which is, we presume, the disposition which the plaintiff would have been ready to make of it when the trustee was discharged, but for the interposition of a claim of costs for the principal defendant, which neither law nor justice can sustain.

*Exceptions sustained.*

*Action dismissed without costs.*

APPLETON, C. J.; CUTTING, DICKERSON, and TAPLEY, JJ., concurred.