MARIA WIRTH, Executrix, *vs.* EDMUND J. ROCHE.

Androscoggin.    Opinion January 7, 1899.

*Intox. Liquors.    Beer Bottles.    Entire Contract.    R. S., c. 27, § 56.*

No action can be maintained to recover the price of beer bottles, previously filled with lager beer, if the bottles and beer were purchased at the same time by the defendant in another state with the purpose of selling the beer in this state in violation of law.

*Held;* if the purchase of the bottles was merely incidental to that of the beer for its keeping and transportation, then the contract is indivisible; and the vendor cannot recover the price of the bottles in which such beer is contained.

ON EXCEPTIONS BY DEFENDANT.

Assumpsit brought to recover the purchase price of certain bottles alleged to have been sold by the plaintiff to the. defendant. The bill of exceptions shows the following material facts:

At the time of these transactions the plaintiff carried on the business of a wholesale and retail liquor dealer in Boston, Mass. The bottles in question, filled with lager beer, were shipped from Boston upon the orders of the defendant, at or about the dates mentioned in the bill of particulars annexed to the writ. The different transactions were all by correspondence, written orders being sent by the defendant over the name of E. J. Roche or J. J. Roche, to the plaintiff in Boston. The orders were mailed in Lewiston, and the merchandise was delivered to a common carrier in Boston, directed to the various addresses given in the orders, such addresses being in no case in the name of either J. J. Roche or E. J. Roche.

The plaintiff also had a traveling salesman and collector, who periodically, once a month, made trips through Maine soliciting orders and making collections for his house. Most of the payments for the beer so sold were made by Roche to said salesman and collector.

The plaintiff contended that the bottles mentioned in the bill of particulars were sold to the defendant. The defendant, on the

other hand, contended that there was no sale of the bottles, but that he received them as a bailee and was only obliged to use reasonable diligence in returning them.   And the defendant testified, and was uncontradicted in that particular, that the only bills which he received from the house or which he paid were bills for the beer at fifty cents per dozen bottles.

To sustain her contention, the plaintiff called one Ferdinand Krantz, who testified that he was cashier and shipping clerk of the plaintiff during the time covered by the accounts, and that in the absence of the general manager he acted as such of the plaintiff's establishment.   The witness, Krantz, identified the various written orders forwarded by mail as aforesaid by the defendant to Boston as having been turned over to him for filling.   He further testified that he filled the orders, made out the shipping directions and the shipping receipt, and placed them where the truckman would take them.   He produced an account book containing the original entries of the different transactions made by him at the time when they purported to take place.   He further testified that he did not know Roche and had never seen him, and that his knowledge of the transactions was derived only from the orders; and that his duties in regard to the shipments were ended when he had made the aforesaid entries in the shipping book and had made out the shipping tags and freight receipts.

To support the claim of the plaintiff that the bottles in question were sold to the defendant, the witness, Krantz, produced the aforesaid shipping book containing the original entries of the transaction and testified that the entries therein made, so far as they related to the defendant, were in his handwriting, made at the time they purported to be made and were the first entries of the transactions made in any book of the firm.   The form of those entries was as follows:

"August 1, 1895, J. J. Roche, Lewiston, Maine
30 doz. Nar."

or in the following form:

"October 15, 1895, E. J. Roche,
10 doz. Nar."

The witness, Krantz, was permitted to read to the jury the different entries relating to these transactions as they appeared upon the shipping book, and further testified that the bottles in question were sold upon the above mentioned written orders sent in by Roche or his clerk; and that after the entries were made upon the shipping book the transaction was transferred by other clerks to a sales book, containing the charges for the beer, and to a "bottle-book" so-called, containing the charges for the bottles. But neither the "bottle book" nor the sales book was presented in evidence.

It was contended by defendant, and his testimony showed, that the beer in question was purchased by the defendant with the intention of selling the same in violation of the statutes of Maine regulating the sale of intoxicating liquors. There was also testimony tending to show that the plaintiff, or her servants or agents in charge of her business, knew that said beer was purchased by the defendant Roche with the intention of re-selling the same in violation of law, and that the same was so sold in violation of law in the bottles in which it was shipped from Boston. There was also evidence tending to show that the plaintiff, by her servants or agents in charge of her business, aided Roche by acts beyond the mere sale in carrying out his unlawful purpose.

The defendant contended that no action could be maintained upon the demand in question by reason of the provisions of R. S., c. 27, § 56, and that if said section was not applicable to this case, the plaintiff could not recover if she knew, or her agents in charge of her business knew, that said beer was purchased by the defendant with the intention of re-selling the same in violation of the laws of this State, and if the plaintiff or her agents in charge of her business aided the defendant by acts beyond the mere sale in carrying out his unlawful purpose.

Upon this contention the presiding justice instructed the jury as follows: "I say to you, as a matter of law, that if you should find that the defendant in this case received these goods, the bottles as well as the beer as a purchaser, that the plaintiff is not prevented by the prohibitory law of this State from recovering a fair

compensation for these bottles, if otherwise entitled to do so; that is to say, for the purposes of this trial, I rule that when the contraband liquors had been emptied out of the bottles, the taint of illegality is removed from the bottles, and they stand in the category of lawful merchandise like any other goods. They might thereafter be used for the purpose of bottling mineral water or anything else that is not in contravention of the laws of Maine."

The defendant's counsel requested the presiding justice to further instruct the jury as follows: "If the jury are satisfied that the lager beer which was contained in the bottles in question was purchased by the defendant with the purpose of re-selling the same in violation of law, and the plaintiff or her agents knew of such purpose, and aided the defendant by acts beyond the mere sale in carrying out his purpose, plaintiff cannot recover," which requested instruction the presiding justice refused to give.

To the foregoing instruction and to the foregoing refusal to instruct, the defendant excepted.

The plea was the general issue.

Verdict was for the plaintiff for the sum of $200.05.

*R. W. Crockett*, for plaintiff.

There is no penalty provided in the statute, as applicable to this case, or a prohibition, implied or expressed, in any way respecting the transporting, keeping or selling of bottles, casks, barrels or other vessels in which liquors are usually kept, nor would it be contended that such vessels are in any sense embraced within the scope of sections 39, 40, 44 or 56. There being no such penalty or prohibition, and § 56 being enacted for the purpose of preventing a recovery for only such articles as are sold in violation of c. 27, i. e. intoxicating liquors, then even under the most liberal construction, this section cannot be held to include the vessels in which the liquors are contained.

The rule of strict construction of the statute applies: *Wing* v. *Weeks*, 88 Maine, p. 118; *Abbott* v. *Wood*, 22 Maine, 541; *Butler* v. *Ricker*, 6 Maine, 268; *Cobb* v. *Corbitt*, 78 Maine, p. 243.

The sale of the beer and the sale of the bottles constituted in

this case two separate and distinct contracts. The sales of bottles were entered in a book called the "bottle-book", a book entirely separate from the book containing the charges for the beer. The beer was charged for at the rate of fifty cents per dozen, and the bottles at the rate of forty cents per dozen. Where a stock of goods is sold at a distinct and separate price for each article, and the sale of some of those articles is illegal, an action may nevertheless be maintained for the value of the balance of the sale.     ,

In *Boyd* v. *Eaton*, 44 Maine, 51, which was an action brought for the value of the stock of goods, some of the items being for spirituous liquors at separate and distinct agreed prices, it was held that the plaintiff might recover for the legal items. The court quoting from *Carleton* v. *Woods*, 8 Foster, 291, say, "We are unable," says Woods, J., "to see how this case differs from the case of a sale by a merchant of various goods to his customer, at one and the same time, for separate values stated at the time, which, when computed, would of course amount to a certain sum in the aggregate. When in such case the goods are charged to the customer, and the sale of part of the goods should be found to be illegal, we think it would be difficult to maintain upon any legal or equitable principles, that under a proper declaration, the value of the goods which were proper and legal articles of sale, could not be recovered." See also *Towle* v. *Blake*, 38 Maine, 528.

*J. A. Morrill*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, STROUT, SAVAGE, JJ.

HASKELL, J.   Assumpsit by a liquor dealer in Boston to recover of defendant the price of sundry bottles sold filled with beer.   The defendant at sundry times ordered bottled beer from plaintiff to be shipped to him in Maine, there intended for unlawful sale as the plaintiff well knew.   The plaintiff contends that although he cannot recover the price of the beer, he may recover the price of the bottles. If the beer and bottles containing it were sold together, the plaintiff cannot recover the price of either one

by reason R. S., c. 27, § 56. That provides, "No action shall be maintained upon any claim or demand, promissory note, or other security contracted or given for intoxicating liquors sold in violation of this chapter, or for any such liquors purchased out of the state with intention to sell the same or any part thereof in violation thereof; but this section shall not extend to negotiable paper in the hands of a holder for valuable consideration and without notice of the illegality of the contract."

The evidence shows that if the bottles were sold at all, they were sold with their contents. The thing sold was an entirety, and methods of book-keeping cannot change its nature. Where the contract of sale includes both legal and illegal elements neither can be recovered. In *Ladd* v. *Dillingham*, 34 Maine, 316, the sale of a stock of goods containing intoxicating liquors was held invalid. Where intoxicating liquors and vessels are illegally sold, the contract is indivisible, and the price of the vessels cannot be recovered. *Holt* v. *O'Brien*, 15 Gray, 311; *Bligh* v. *James*, 6 Allen, 570.

The evidence shows but one contract applying to each order, so that either the bottles were included in the sale, or they were not. If included, the contract cannot be enforced. If not, then there is no evidence of the sale of the bottles at all, and they still remain the property of defendant, and their price cannot be recovered in assumpsit unless the defendant has reduced them to cash, or its equivalent, and it does not appear that he has. His refusal to redeliver them would be a conversion, a tort, that cannot be waived so as to bring assumpsit unless they have been turned into money or its equivalent. *Fletcher* v. *Harmon*, 78 Maine, 465; *Androscoggin Co.* v. *Metcalf*, 65 Maine, 40, and cases cited; *Quimby* v. *Lowell*, 89 Maine, 547. Where the evidence relates to a single transaction in the sale of goods and shows an express contract that is invalid, the law does not imply one. *Wood* v. *Finson*, 89 Maine, 459; *Billings* v. *Mason*, 80 Maine, 496.

The pro forma rulings of the presiding justice, in substance, that when the contents of the bottles shall have been removed from them, their sale became valid and might be enforced was error;

for the contract of sale was an entirety and indivisible, including both bottles and contents, and therefore void.

*Exceptions sustained.*